689 P.2d 542

The STATE of Arizona, Appellee,

v.

Lefon Edward PRINCE, Appellant.

No. 2 CA–CR 2876.

Court of Appeals of Arizona,
Division 2.

Sept. 22, 1983.

Robert K. Corbin, Atty. Gen., by William J. Schafer III and Greg A. McCarthy, Phoenix, for appellee.

Thomas E. Higgins, Jr., Tucson, for appellant.

## OPINION

BIRDSALL, Judge.

Only one question needs to be answered in this appeal. Was it fundamental error requiring reversal for the appellant to be tried by an eight-person jury when he was entitled to a jury of 12? We hold that it was and reverse.

The defendant was charged with both burglary and theft, each with three prior felony convictions. The maximum sentences with the priors were 20 years on the burglary and 12 on the theft. This total of a possible 32 years' imprisonment required trial by a jury of 12 persons. Arizona Constitution, Art. 2, § 23, provides in part:

"The right of trial by jury shall remain inviolate. Juries in criminal cases in which a sentence of death or imprisonment of thirty years or more is authorized by law shall consist of twelve persons."

And the corresponding statute, A.R.S. § 21–102(A), reads:

"A jury for trial of a criminal case in which a sentence of death or imprisonment for thirty years or more is authoriz-

ed by law shall consist of twelve persons, ..."

An eight-member jury heard the appellant's trial. It is well established that charges totaling a possible sentence of 30 years or more require a 12-person jury. *State v. Miguel*, 125 Ariz. 538, 611 P.2d 125 (1980); *State v. Buffum*, 125 Ariz. 488, 610 P.2d 1049 (1980); *State v. Cook*, 122 Ariz. 539, 596 P.2d 374 (1979); *State v. Madison*, 114 Ariz. 221, 560 P.2d 405 (1977); *State v. Parker*, 22 Ariz.App. 111, 524 P.2d 506 (1974). In all these cases it appears the defendant objected to the impanelment of a jury consisting of less than the number mandated by law. In the instant case, trial counsel for the appellant was asked by the court if she concurred in the belief that a jury of eight was correct. She replied, "I believe so, your honor."

The appellant can waive a jury and have the case tried to the court. Rule 18.1(b), Rules of Criminal Procedure, 17 A.R.S. However, assuming arguendo that jury of 12 can be waived and a case wherein the maximum possible sentence exceeds 30 years be tried to a jury of eight, any such waiver would have to, at least, involve the appellant personally. See *State v. Butrick*, 113 Ariz. 563, 558 P.2d 908 (1976).

The record here is woefully inadequate to constitute a waiver. We disagree with the appellee's contention that a 12-person jury was waived. The error, impaneling eight instead of 12 jurors, was fundamental and the conviction cannot stand. In spite of there being no objection in the trial court, we must consider the error on appeal. *State v. Junkin*, 123 Ariz. 288, 599 P.2d 244 (App.1978), cert. den. 444 U.S. 983, 100 S.Ct. 489, 62 L.Ed.2d 411 (1979); *State v. Eliason*, 25 Ariz.App. 523, 544 P.2d 1124 (1976).

We need not consider other issues raised on appeal since they should not occur on retrial.

Reversed.

HOWARD, C.J., and HATHAWAY, J., concur.