689 P.2d 515

**STATE of Arizona, Appellee,**

v.

**Lefon Edward PRINCE, Appellant.**

**No. 6167–PR.**

Supreme Court of Arizona,
En Banc.

Sept. 25, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Greg A. McCarthy, Phoenix, for appellee.

Thomas E. Higgins, Jr., Tucson, for appellant.

HOLOHAN, Chief Justice.

LeFon Edward Prince (appellant) was charged by indictment with burglary in the second degree, a class three felony, and theft of property with a value greater than $100, a class four felony. *See* A.R.S. §§ 13-1507 and 13-1802. An eight-member jury convicted appellant of both offenses and then found that appellant had one prior conviction. The trial court sentenced appellant to 15 years imprisonment for the burglary and to a concurrent term of 6 years imprisonment for the theft; both terms were enhanced based on the existence of one prior conviction. *See* A.R.S. § 13-604(A) and (B).

On appeal, the Court of Appeals reversed appellant's conviction because he had not been tried by a twelve-member jury. *State v. Prince*, 142 Ariz. 283, 689 P.2d 542 (App.1983). We granted the petition of the state to review the decision of the Court of Appeals. The opinion of the Court of Appeals is vacated.

The petition for review raises one issue: whether appellee alleged only one prior conviction so that appellant was properly tried before an eight-member jury. We address two additional issues raised by appellant in the Court of Appeals: (1) whether the trial court's failure to allow appellant six peremptory challenges, two more than were allowed, constitutes reversible error, and (2) whether appellant was denied the effective assistance of trial counsel.

## PRIOR CONVICTIONS

Under our repeat offender statute, A.R.S. § 13-604, the trial court may enhance the sentence of imprisonment based on the proven existence of a prior felony conviction of the criminal defendant. In this case, the Court of Appeals believed that appellee had alleged three prior felony convictions which, when joined with the charged principal offenses, exposed appellant to a possible term of imprisonment in excess of thirty years. Therefore, the court decided that appellant had been entitled to a twelve-member jury under Ariz. Const. art. 2, § 23, and A.R.S. § 21-102(A), rather than the eight-member jury before whom appellant was tried. The court rejected the argument that appellant had waived this right because the court found the record to be "woefully inadequate" to demonstrate a personal waiver by appellant. 142 Ariz. at 284, 689 P.2d at 543.

■ We agree with the Court of Appeals' rejection of the waiver argument. Before there can be a waiver, the record must show a knowing waiver by the defendant. *See State v. Butrick*, 113 Ariz. 563, 565, 558 P.2d 908 (1976); *cf.* Ariz.R.Crim.P. 18.1(b), 17 A.R.S. The right to a twelve-member jury may be knowingly, intelligently and voluntarily waived under the same procedure required under Ariz.R. Crim.P. 18.1(b) for a waiver of a jury trial, but the record in this case simply lacks evidence of such a waiver.

We do not believe, however, that reversal is required because we conclude that appellant was properly tried before an eight-member jury. It appears that the state alleged only one prior conviction, which created a potential maximum sentence of less than thirty years. The record persuasively demonstrates that although the state initially alleged at least two prior convictions, the state later modified that allegation in open court before the beginning of trial so that only one prior conviction was alleged.

■ In addition to the burglary and theft, the indictment charged that appellant had "violated" A.R.S. § 13–604(A) and (B). These two subsections allow a trial court to enhance a sentence based on a finding of *one* prior conviction. We believe that at this early stage of the proceedings, only one prior conviction had been charged. But the state's "Allegation of Prior Conviction" confused the issue. In connection with the indictment, the state alleged prior convictions in the following language:

"The County Attorney of the County of Pima, in the name of the State of Arizona, and by its authority, pursuant to A.R.S. § 13–604, alleges that the defendant, LEFON EDWARD PRINCE has previously been convicted of the *crime* of: ARMED ROBBERY, TWO COUNTS and CONSPIRACY FIRST DEGREE, in the Superior Court of the State of Arizona, in and for the county of Pima, dated August 20, 1976, Cause No. A–30100." (Emphasis added).

The allegation is internally inconsistent: it employs the singular, "crime," but then proceeds to enumerate three crimes. Fairly read, however, the allegation alleges more than one prior conviction.

The minute entry documenting the prior convictions attached to that allegation indicated that one count of armed robbery and the first degree conspiracy occurred on March 31, 1976, while the second armed robbery occurred on April 23, 1976. Under A.R.S. § 13–604(H), if the two crimes committed on March 31, 1976 could be deemed to have been committed on the same occasion, they would be treated as one prior conviction under the repetitive offender sentencing scheme. However, even if so treated, two priors remained in the allegation, and appellant arguably was exposed to a possible sentence of imprisonment in excess of thirty years.

■ If the State's allegation of prior conviction was the only piece of information before this court, we would likely agree with the appellant that this was a case in which the State had alleged multiple priors. But the record demonstrates otherwise. Just before the jury selection process began, the following exchange occurred:

THE COURT: [H]ow many jurors do you need? There was some question.

MR. OWEN: I looked at my sentencing charges, and *I believe we have one prior conviction alleged,* and a charge of burglary second degree, class three felony, and theft of property over $100, class four. I believe there is a total of 23 years.

I don't have my chart with me but that's what I indicated to your secretary I believe.

THE COURT: That would take an eight person jury.

MR. OWEN: Yes.

THE COURT: Do you concur?

MS. NOBLE: I believe so your honor. (Emphasis added).

Clearly at this point the parties operated under the assumption that this case included an allegation of one single prior. We believe that at this point the state, through

its prosecutor's comments, withdrew any allegation of additional priors, assuming that those additional priors were alleged at that point.

The record further demonstrates that the parties continued to consider this case to contain a single prior conviction. During the arguments of certain pretrial motions, the court stated "[t]here is an allegation of a prior here ...." The defense counsel soon stated "[t]he State has alleged a conviction on August 20, 1976, as a prior to this case, ...." Much later in the case, after the trial in which the prior conviction was proven by the prosecution, the jury was instructed about the form of verdict that it could sign:

> "This verdict says, 'we the jury duly empaneled and sworn in the above entitled matter, upon our oaths, do find the defendant LeFon Edward Prince was previously convicted *of the crime* of armed robbery, two counts, and conspiracy, first degree, in the Superior Court of the State of Arizona in and for the County of Pima. Dated August 20, 1976. Cause No. A–30100.'" (Emphasis added).

The jury did indeed reach that verdict. When it was time to sentence the defendant, the court found only one prior dangerous conviction and sentenced the defendant accordingly.

■ The case is similar to *State v. Cook*, 122 Ariz. 539, 596 P.2d 374 (1979), where we held that the trial court had the discretion to permit the state to withdraw an allegation of a prior conviction to reduce the potential maximum sentence to less than thirty years so that an eight-member jury could properly hear the case. *See also State v. Thompson*, 139 Ariz. 133, 677 P.2d 296 (App.1983). Withdrawal of the allegation, however, must occur prior to submission of the case to the jury. *State v. Henley*, 141 Ariz. 465, 687 P.2d 1220 (1984); *State v. Fancy*, 139 Ariz. 76, 676 P.2d 1134 (App.1983). For example, we held in *State v. Madison*, 114 Ariz. 221, 560 P.2d 405 (1977), that a mistrial was properly declared where this same kind of error was discovered after the jury had returned its verdict. The cumulative effect of *Madison*, *Cook* and *Fancy* is that a criminal defendant is not "at risk" in terms of maximum sentence until the case is submitted to the jury. In the instant case, the prior convictions were treated throughout the case as a single conviction of multiple counts, and the defendant actually benefitted from this procedure. As the case was presented from jury selection to verdict, the defendant was never subjected to the potential of a sentence of 30 years. We conclude that appellant was properly tried before an eight-member jury.

## INSUFFICIENT PEREMPTORY CHALLENGES

Appellant argued to the Court of Appeals that the trial court committed reversible error when it allowed him only four peremptory challenges rather than the six provided for by Ariz.R.Crim.P. 18.4, 17 A.R.S. Appellee answered that appellant waived the error by failing to object on time. The Court of Appeals did not address this issue.

■ Before selection of the jury, the trial court stated "we'll need about 20 to 22 jurors." This number apparently was computed based on an eight-member jury plus six peremptory challenges for the defense and prosecution. When the time came for jury selection, the trial court assembled a panel of sixteen jurors rather than the twenty jurors which would have been required by granting each side the six peremptory challenges provided for by Ariz.R.Crim.P. 18.4(c)(1)(ii). The error seems to have been the result of inadvertence by the court and counsel alike. The panel was accepted without objection by either side, four peremptory challenges were made by each side and the trial proceeded before the remaining eight jurors.

Our review of the record indicates that appellant failed to timely object, thereby waiving his remaining two challenges. This is not a case of an affirmative denial of the peremptories, but one of inadvertence by court and counsel. The only mention of this issue by appellant occurred

during the sentencing hearing when appellant's counsel announced that she was "renewing" her objection to the number of peremptory challenges. We do not find nor does appellant direct our attention to any previous objection. *Cf. State v. Lopez,* 105 Ariz. 84, 459 P.2d 517 (1969) (defense counsel expressly objected to the denial of four peremptory challenges). The failure to raise the question when it could have been easily remedied suggests that counsel did not deem it significant and waived any objection to the procedure. *See Application of Williams,* 85 Ariz. 109, 114, 333 P.2d 280, 283 (1958). We hold that appellant waived his right to the additional peremptory challenges.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his reply brief in the Court of Appeals, appellant claimed he was denied effective assistance of counsel at trial. The Court of Appeals did not reach this issue. We recently discussed the first part of the test we employ in these cases:

> The standard for determining effective assistance of counsel is "whether under the circumstances the attorney showed at least minimal competence in representing the criminal defendant." *State v. Watson,* 134 Ariz. 1, 4, 653 P.2d 351, 354 (1982). The focus is on quality of representation rather than the effect of that representation on the outcome of the trial. Disagreements in trial tactics will not support a claim of ineffectiveness as long as the conduct has some reasoned basis. *Id.* The defendant must show ineffective assistance of counsel by a preponderance of the evidence. *Id.* at 5, 653 P.2d at 355.

*State v. Garcia,* 141 Ariz. 97, 102, 685 P.2d 734, 739 (1984).

■ The first basis of ineffective assistance of counsel alleged by appellant is trial counsel's acquiescence to an eight-member jury. As previously discussed, appellant maintains that he was entitled to a twelve-member jury because he was exposed to thirty or more years of imprisonment. We reject this basis because, under the circumstances of this case, trial counsel's decision benefitted appellant. By allowing the trial to proceed before an eight-member jury, trial counsel effectively foreclosed the ability of the prosecution to prove that appellant had been convicted of two felonies, thereby reducing the maximum possible sentence of imprisonment by nine years. Such a decision can only be described as effective representation.

■ The second basis of ineffective assistance of counsel alleged by appellant is the failure of trial counsel to object to receiving four, rather than six, peremptory challenges. We conclude that this *faux pas,* shared by court and counsel, does not translate into less than minimal competence. The judge, prosecutor and appellant's trial counsel all operated as if four challenges were proper. We decline to adopt any *per se* rule of ineffective assistance of counsel in the context of peremptory challenges as there may well be cases in which defense counsel choose not to exercise all of the peremptories allowed by law. We conclude that appellant received competent representation at trial.

The opinion by the Court of Appeals is vacated. The judgment of conviction and sentence by the superior court is affirmed.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ., concur.