110 P.3d 1022

**STATE of Arizona, Appellee,**

v.

**Albert C. KUCK, Appellant.**

**No. 1 CA–CR 03–0987.**

Court of Appeals of Arizona, Division 1, Department B.

April 21, 2005.

Terry Goddard, Attorney General, By Randall M. Howe, Chief Counsel, Criminal Appeals Section and Nicholas D. Acedo, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Maricopa County Public Defender's Office, By Stephen R. Collins, Deputy Public Defender, Phoenix, Attorneys for Appellant.

## OPINION

GEMMILL, Judge.

¶ 1 Albert C. Kuck appeals his conviction and sentence for one count of second degree murder, a class one dangerous felony. In this published opinion, we address Kuck's contention that the trial court improperly denied him a twelve-person jury.[1] For the following reasons, we affirm his conviction.

¶ 2 On March 13, 2002, Kuck shot an adult named Bryan Ring. Kuck was charged by indictment with second degree murder. The State amended the indictment to allege that Kuck had six prior dangerous felony convictions.

¶ 3 Kuck's trial began on August 5, 2003. Eight jurors plus two alternates were selected and sworn in. That evening, the trial court became concerned that Kuck may have been entitled to a twelve-person jury.

¶ 4 The next morning, August 6, 2003, the court met with the prosecutor and defense attorney in chambers to discuss this problem. The prosecutor moved to dismiss all but one of Kuck's alleged historical prior felony convictions. This motion was granted by the trial court, and the court later explained that "[t]he purpose of this motion was to insure that any sentence that the defendant could possibly receive, in the event of a conviction, would be under the number of years that would require a 12 person jury." The prosecutor never identified which prior felony convictions would be dismissed and which one would remain.

¶ 5 At the sentencing hearing, the State did not attempt to prove a prior conviction. Kuck was sentenced to an aggravated sentence of twenty years. .

¶ 6 Kuck timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2003), 13–4031, and –4033(A)(3) (2001).

¶ 7 Kuck contends that the trial court improperly denied him a twelve-person jury because the charges against him authorized a sentence of over thirty years. In Arizona, a twelve-person jury is required for all criminal cases in which the sentence authorized by law is either death or imprisonment for thir-

---

1. In a separate, unpublished Memorandum Decision, we address his argument that his Sixth Amendment right to a jury trial was violated because he received an aggravated sentence based on factors found by the court, rather than the jury, in violation of *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). *See* Ariz. R. Sup.Ct. 111(h); Ariz. R.Crim. P. 31.26. For the reasons explained in the Memorandum Decision, we vacate his sentence and remand for resentencing consistent with *Blakely*.

ty years or more. Ariz. Const. art. 2, § 23; A.R.S. § 21–102(A) (2002). When a sentence of less than thirty years is the potential maximum sentence, an eight-person jury is acceptable. A.R.S. § 21–102(B).

¶ 8 Improper denial of a twelve-person jury is fundamental error that may provide a basis for relief even if not raised in the trial court. *State v. Luque*, 171 Ariz. 198, 201, 829 P.2d 1244, 1247 (App.1992). We review this issue *de novo*. *State v. Smith*, 197 Ariz. 333, 335, 340, ¶ 2, 4 P.3d 388, 390, 395 (App.1999).

¶ 9 Kuck argues that at the outset of trial, he faced a potential sentence of over thirty years and was therefore entitled to a twelve-person jury. We are not convinced that he faced a sentence of thirty years or more· at the outset of trial. Sentences for second degree murder are primarily addressed in A.R.S. § 13–710 (2001). A person convicted of second degree murder with no prior convictions shall be sentenced to the presumptive term of sixteen years. A.R.S. § 13–710(A). This presumptive term may be mitigated or aggravated by up to six years. *Id.* If the defendant has one or more qualifying prior convictions under § 13–710(B), the presumptive sentence for second degree murder is increased to twenty years, and the maximum sentence is increased to twenty-five years. *Id.*

¶ 10 Kuck argues, nonetheless, that he could have been convicted of the lesser included offense of *attempted* second degree murder, a class two felony, and that his prior convictions could have enhanced and aggravated his potential sentence for this class 2 felony beyond thirty years. *See* A.R.S. § 13–702.01(E) (2001).[2]

¶ 11 But we need not decide whether Kuck faced a potential sentence of thirty years or more at the beginning of trial, because the crucial point in time is not the beginning of trial, nor the swearing in of the jury, but rather the start of jury deliberations.

¶ 12 Arizona appellate courts have consistently held that a trial court has wide discretion in permitting the State to withdraw allegations of prior convictions in order to reduce sentencing exposure to less than thirty years. *See, e.g., State v. Prince*, 142 Ariz. 256, 259, 689 P.2d 515, 518 (1984); *State v. Thompson*, 139 Ariz. 133, 134, 677 P.2d 296, 297 (App.1983); *State v. Fancy*, 139 Ariz. 76, 78, 676 P.2d 1134, 1136 (App.1983). To be effective, however, the withdrawal of the allegation must occur prior to submission of the case to the jury. *Prince*, 142 Ariz. at 259, 689 P.2d at 518; *State v. Henley*, 141 Ariz. 465, 469, 687 P.2d 1220, 1224 (1984); *State v. Cook*, 122 Ariz. 539, 541, 596 P.2d 374, 376 (1979); *State v. Thorne*, 193 Ariz. 137, 138, 971 P.2d 184, 185 (App.1997); *Thompson*, 139 Ariz. at 134, 677 P.2d at 297; *Fancy*, 139 Ariz. at 78, 676 P.2d at 1136.

¶ 13 On the second day of trial, the State moved to dismiss all but one of the alleged prior convictions, and the trial court granted the motion. When the case was submitted to the jury for deliberations, only one alleged prior felony conviction remained. The maximum sentence to which Kuck was exposed when the case went to the jury was either twenty-two or twenty-five years. *See* A.R.S. § 13–710.[3]

¶ 14 Kuck disagrees that the dispositive point in time is the start of jury deliberations. Instead, he cites our recent opinion in *State v. Maldonado*, 206 Ariz. 339, 78 P.3d 1060 (App.2003), to support his argument

---

**2.** *See also* A.R.S. § 13–604(S) (2001) (requiring life sentences for people who commit certain "serious offenses" after having committed two prior qualifying "serious offenses"). From the record, it does not appear that any of the six alleged prior felonies would qualify as a "serious offense" as defined in A.R.S. § 13–604(V)(3) (2001).

**3.** The twenty-five-year maximum requires that the prior conviction be "second degree murder or a class 2 or 3 felony involving the use or exhibition of a deadly weapon or dangerous in-

strument or the intentional or knowing infliction of serious physical injury." A.R.S. § 13–710(B). If the prior conviction did not qualify as one of these, then the maximum sentence was twenty-two years. A.R.S. § 13–710(A). The record lacks clarity regarding the six originally-alleged prior convictions, but it does not appear that any of the six would qualify to enhance the sentencing range under § 13–710(B). This may explain why the State did not attempt to prove a prior felony conviction in conjunction with Kuck's sentencing.

that the maximum potential sentence must be determined at the "outset" of the trial rather than at the start of jury deliberations. He specifically relies on the following sentence from *Maldonado:* "It is the sentence to which the defendant is exposed *at the outset* of the jury trial that determines the number of jurors selected." *Id.* at 342, ¶ 14, 78 P.3d at 1063 (emphasis added). But we believe that Kuck has taken this sentence out of context and is placing undeserved emphasis on the phrase "at the outset" of the trial.

¶ 15 The issue in *Maldonado* was not the precise point in time that the maximum potential sentence must be evaluated to determine whether the defendant is entitled to a twelve-person jury. Instead, the *Maldonado* court addressed whether defense counsel's stipulation to an eight-member jury would be binding on the defendant and whether the offenses the defendant was accused of committing carried a maximum potential sentence of thirty years or more. The opinion in *Maldonado* does not specifically address the long line of Arizona cases holding that entitlement to a twelve-member jury is evaluated on the basis of the maximum potential sentence at the time the jury begins its deliberations. *See* cases cited *supra* ¶ 12.

¶ 16 Additionally, the *Maldonado* court quoted with approval a portion of our opinion in *Fancy* in which we explained that the trial court in that case had allowed an eight-member jury to "actually deliberate on the fate of a defendant who was, at the time the jury was deliberating, faced with the possibility" of a sentence exceeding thirty years. *Maldonado,* 206 Ariz. at 343, ¶ 15, 78 P.3d at 1064 (quoting *Fancy,* 139 Ariz. at 79, 676 P.2d at 1137). Just one page earlier in the *Fancy* opinion, we had explained:

> In the instant case, the trial court had the discretion, under *State v. Cook,* to allow the state to dismiss certain counts of the indictment or allegations of prior felony convictions so as to reduce the maximum authorized sentence to less than thirty years. *However, it was necessary that any dismissal become effective prior to deliberation by the jury. Had the dismissals occurred before that point in the trial there would have been substantial*

*compliance with the Arizona Constitution and state statute.*

139 Ariz. at 78, 676 P.2d at 1136 (emphasis added). We conclude, therefore, that the reference in *Maldonado* to the "outset" of trial was not intended to change the established holding that the trial court may allow the State to dismiss certain counts or allegations of prior felonies in order to reduce the potential maximum sentence to less than ' thirty years, so long as this is accomplished before the jury begins its deliberations.

¶ 17 Kuck further argues that because the State never specifically identified which prior convictions would be dropped, all were "still in force." Kuck cites no authority to support this argument, nor have we found any. The State may not have produced the paperwork to confirm the dismissals of all but one of the prior convictions, presumably because the prosecutor was in the midst of trial. But the record made by the trial court in the presence of counsel was sufficient to document and implement the dismissals.

¶ 18 For these reasons, we conclude that the trial court's dismissal of all but one alleged prior conviction was sufficient to ensure that Kuck's potential maximum sentence was less than thirty years. The State was bound by that agreement and could not later assert more than one prior felony conviction. And because the dismissal of all but one of the prior convictions occurred prior to the start of jury deliberations, Kuck was not entitled to a twelve-member jury.

¶ 19 We therefore affirm Kuck's conviction for second degree murder.

CONCURRING: JEFFERSON L. LANKFORD, Presiding Judge and JAMES B. SULT, Judge.