159 P.3d 553

**STATE of Arizona, Appellee,**

v.

**Richard D. BROWN, Appellant.**

**No. 1 CA–CR 06–0415.**

Court of Appeals of Arizona, Division 1, Department B.

June 7, 2007.

Terry Goddard, Attorney General by Randall M. Howe, Chief Counsel, Criminal Appeals Section, and Nicholas D. Acedo, Assistant Attorney General, Phoenix, Attorneys for Appellee.

Susan Sherwin, Office of the Legal Advocate by Thomas J. Dennis, Deputy Legal Advocate, Phoenix, Attorneys for Appellant.

## OPINION

TIMMER, Judge.

¶1 An eight-person jury convicted Richard D. Brown of first-degree burglary, aggravated assault, and threatening or intimidating. Brown argues the trial court committed fundamental error by failing to empanel a twelve-person jury because he faced a possible sentence in excess of thirty years' imprisonment at the time the jury commenced deliberations. Ariz. Const. art. 2, § 23; Ariz.Rev.Stat. ("A.R.S.") § 21–102(A) (2002). To resolve this issue, we must decide whether Brown was subject to consecutive sentences for committing first-degree burglary and aggravated assault. For the reasons that follow, we hold the court was required to impose concurrent sentences for these convictions. Consequently, Brown was not exposed to a sentence in excess of thirty years' imprisonment at the time the jury commenced deliberations, and the trial court therefore properly empanelled the jury.

## BACKGROUND[1]

¶2 Roberta W. was Brown's ex-girlfriend. She and Roosevelt T. were in Roberta's apartment on October 4, 2005, when Brown smashed through the glass arcadia doors with a baseball bat. Brown attacked Roosevelt with the bat, leaving a welt on Roosevelt's face. After a struggle, Brown left the apartment. Once outside, Brown threatened to kill Roosevelt for dating Roberta. The police arrested Brown later the same night.

¶3 The State charged Brown with one count of first-degree burglary, one count of aggravated assault, and one count of threatening or intimidating. An eight-person jury convicted Brown on all counts, and the court imposed concurrent sentences of 10.5 years' imprisonment for first-degree burglary, 7.5 years' imprisonment for aggravated assault, and one year imprisonment for threatening or intimidating. This timely appeal followed.

## DISCUSSION

¶4 Brown's sole challenge is that the trial court committed fundamental error by trying him before an eight-person jury because he faced a possible prison sentence in excess of thirty years.[2] Ariz. Const. art. 2, § 23; A.R.S. § 21–102(A). Because Brown raises this claim for the first time on appeal, we review for fundamental error only. *State v. Henderson*, 210 Ariz. 561, 567, ¶19, 115 P.3d 601, 607 (2005) (holding failure to object at trial waives issue absent fundamental error). The parties agree the court committed fundamental error by empanelling fewer than twelve jurors if at the time the jury commenced deliberations Brown faced a possible prison sentence in excess of thirty years. *State v. Kuck*, 212 Ariz. 232, 233–34, ¶¶11–12, 129 P.3d 954, 955–56 (App.2006) (holding crucial time for assessing potential sentence for purposes of determining jury number is start of jury deliberations);[3] *State v. Maldonado*, 206 Ariz. 339, 342, ¶10, 78 P.3d 1060, 1063 (App.2003) ("[T]he improper denial of a

---

1. We view the facts in a light most favorable to sustaining the jury's verdict. *State v. Long*, 207 Ariz. 140, 142, ¶2, 83 P.3d 618, 620 (App.2004).

2. The parties disagree on the precise number of years Brown faced if the court had imposed consecutive sentences. The State contends Brown would have faced a 42.56–year sentence, while Brown claims he faced a 38.5–year sentence. We need not reconcile the difference. For purposes of this appeal, it suffices that Brown faced more than thirty years' imprison-

ment if the court had imposed consecutive sentences for first-degree burglary and aggravated assault.

3. Of course, a prudent trial court judge will consider the appropriate number of jurors at the start of trial rather than at the time of deliberations in order to avoid error if too few jurors exist at the time the case is submitted for deliberation.

twelve-person jury ... is fundamental error.").

¶ 5 The determinative issue before us is whether Brown's commission of first-degree burglary and aggravated assault constituted a single act, thereby mandating imposition of concurrent sentences pursuant to A.R.S. § 13–116 (2001), or multiple acts, thereby permitting imposition of consecutive sentences. If a single act, as the State contends, Brown was never exposed to thirty or more years' imprisonment, and a twelve-person jury was not required. If, however, these crimes were multiple acts, as Brown contends, he was exposed to consecutive sentences of more than thirty years' imprisonment, and a twelve-person jury was required.

¶ 6 Section 13–116, A.R.S., provides that "[a]n act or omission which is made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." The application of this statute is a matter of law that we review de novo. *State v. Urquidez*, 213 Ariz. 50, 52, ¶ 6, 138 P.3d 1177, 1179 (App.2006).

¶ 7 Section 13–116, A.R.S., does not bar consecutive sentences for separate offenses or even for the same offense committed multiple times. *See State v. Williams*, 182 Ariz. 548, 562–64, 898 P.2d 497, 511–13 (App.1995). So long as each of the acts involved can be considered a "separate" crime, the offenses can be punished consecutively. *Id.* at 563–64, 898 P.2d at 512–13. To determine whether Brown's conduct constituted a "single act," we apply the test set out in *State v. Gordon*, 161 Ariz. 308, 315, 778 P.2d 1204, 1211 (1989). *State v. Carreon*, 210 Ariz. 54, 74, ¶ 102, 107 P.3d 900, 920 (2005).

¶ 8 In *Gordon*, the supreme court set forth factors to consider in determining whether the charged offenses constitute a single act under A.R.S. § 13–116. 161 Ariz. at 315, 778 P.2d at 1211. Preliminarily, the court must determine which offense is the "ultimate crime," meaning "the [crime] that is at the essence of the factual nexus and that will often be the most serious of the charges." *Id.* Brown and the State agree that the "ultimate crime" for purposes of A.R.S. § 13–116 is aggravated assault. We agree. Although

aggravated assault is not "the most serious" offense because it is a class three felony, and first-degree burglary is a class two felony, aggravated assault is nonetheless the ultimate crime because it was "at the essence of the factual nexus." *Id.*

¶ 9 Once the ultimate crime is determined, the first step under *Gordon* is to "subtract [ ] from the factual transaction the evidence necessary to convict on the ultimate charge." *Id.* "If the remaining evidence satisfies the elements of the other crime, then consecutive sentences may be permissible under A.R.S. § 13–116." *Id.* Here, the evidence from the factual transaction necessary to convict Brown of aggravated assault was that (1) Brown used a deadly weapon or dangerous instrument (2) to intentionally, knowingly, or recklessly (3) cause physical injury to Roosevelt. A.R.S. § 13–1204 (2001). When that evidence is subtracted, evidence remains that Brown (1) entered or remained unlawfully in Roberta's apartment (2) with the intent to commit aggravated assault, which satisfies two of the elements the State was required to prove to obtain a conviction for first-degree burglary. A.R.S. § 13–1508(A) (2001). Evidence does not remain, however, to establish the third element necessary to prove first-degree burglary under the facts of this case—that Brown knowingly possessed a deadly weapon or dangerous instrument in the course of committing aggravated assault. *Id.* Once we subtract evidence that Brown hit Roosevelt with a bat, no evidence remains to prove Brown knowingly possessed a deadly weapon or dangerous instrument when assaulting Roosevelt.

¶ 10 Brown cites our decision in *State v. Cornish*, 192 Ariz. 533, 538, ¶ 19, 968 P.2d 606, 611 (App.1998), as establishing that "burglary is factually separate from a crime of violence that is committed within the residence after a forced entry." But *Cornish* is distinguishable. The defendant in that case pled guilty to second-degree burglary and attempted aggravated assault after he forcibly entered a residence and strangled a victim until she fell unconscious. *Id.* at 534, ¶ 2, 968 P.2d at 607. Second-degree burglary, unlike first-degree burglary, does not require proof that a defendant "knowingly pos-

sess[ed] explosives, a deadly weapon or a dangerous instrument in the course of committing any theft or any felony." *Compare* A.R.S. § 13–1507(A) (2001) *with* § 13–1508(A). Rather, second-degree burglary only requires proof that a "person ... enter[ed] or remain[ed] unlawfully in or on a residential structure with the intent to commit any theft or any felony therein." A.R.S. § 13–1507(A). Consequently, when the court subtracted evidence of the strangulation, it was left with evidence of second-degree burglary, making the offenses separate ones. As set forth previously, *see supra* ¶ 9, it is not possible to subtract evidence of Brown's aggravated assault and still prove first-degree burglary.[4] Thus, the first prong of the *Gordon* analysis supports a conclusion that Brown committed a single criminal act for purposes of A.R.S. § 13–116.

¶ 11 Under the second prong of *Gordon,* we "consider whether, given the entire 'transaction,' it was factually impossible to commit the ultimate crime without also committing the secondary crime. If so, then the likelihood will increase that the defendant committed a single act under A.R.S. § 13–116." *Gordon,* 161 Ariz. at 315, 778 P.2d at 1211. The State argues that because Roosevelt was in Roberta's apartment at the time of the attack, it would have been factually impossible for Brown to commit the assault without also committing the burglary. Brown does not rebut the State's argument, other than to make the bare assertion that the State's position should be rejected.

¶ 12 We derive guidance from this court's decision in *State v. Alexander,* 175 Ariz. 535, 858 P.2d 680 (App.1993). In *Alexander,* the defendant was convicted as an accomplice to a burglary when his co-conspirators broke into a man's home and robbed him. *Id.* at 536, 858 P.2d at 681. The defendant appealed his sentence, claiming he could not be ordered to pay multiple felony assessments because the burglary and robbery convictions were based on a single act under A.R.S. 13–116. *Id.* at 537, 858 P.2d at 682. The court

agreed with the defendant based on the second prong of the *Gordon* analysis. *Id.* at 537–38, 858 P.2d at 682–83. The court reasoned that robbery was the ultimate crime, and because the man was in his home when the robbery occurred, the robbery could not be committed without also burglarizing the home. *Id.* at 538, 858 P.2d at 683.

¶ 13 The facts in this case warrant the same conclusion as in *Alexander.* Brown could not assault Roosevelt without also committing burglary because Roosevelt was inside Roberta's apartment. *Gordon's* second prong therefore supports a conclusion that Brown committed a single act for purposes of A.R.S. 13–116.

¶ 14 Finally, *Gordon's* third prong requires us to "consider whether the defendant's conduct in committing the lesser crime caused the victim to suffer an additional risk of harm beyond that inherent in the ultimate crime. If so, then ordinarily the court should find that the defendant committed multiple acts and should receive consecutive sentences." *Gordon,* 161 Ariz. at 315, 778 P.2d at 1211. Because the initial two prongs of the *Gordon* test lead us to conclude that Brown committed a single act for purposes of A.R.S. 13–116, however, we need not consider the third prong. *State v. Boldrey,* 176 Ariz. 378, 382–83, 861 P.2d 663, 667–68 (App.1993) (concluding it unnecessary to reach third prong if first two prongs suggest defendant committed separate acts); *see also Carreon,* 210 Ariz. at 74–75, ¶¶ 105–106, 107 P.3d at 920–21 (refraining from third-prong analysis after initial two prongs revealed defendant committed separate crimes making consecutive sentences permissible).

¶ 15 In summary, we hold that Brown committed a single act for purposes of A.R.S. 13–116 by committing first-degree burglary and aggravated assault, thereby requiring the trial court to impose concurrent sentences on him. Therefore, because the maximum possible sentence Brown could have received for his convictions was less than thirty years'

---

4. The trial court neither instructed the jury on second-degree burglary as a lesser-included offense of first-degree burglary nor provided a form of verdict for that offense. Consequently, at the time the jury commenced its deliberations, it did not have the option of convicting Brown of second-degree burglary. Ariz. R.Crim. P. 23.3 ("The defendant may not be found guilty of any offense for which no form of verdict has been submitted to the jury.").

imprisonment, he was not entitled to a twelve-person jury. The trial court did not commit error by empanelling an eight-person jury.

## CONCLUSION

¶ 16 For the foregoing reasons, we affirm Brown's convictions and sentences.

CONCURRING: DONN KESSLER, Presiding Judge, and SHELDON H. WEISBERG, Judge.