NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ALI-MOHAMMAD ZAMANZADEH, *Appellant*.

No. 1 CA-CR 23-0080
FILED 2-1-2024

Appeal from the Superior Court in Maricopa County
No. CR2022-001706-001
The Honorable Mark H. Brain, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian R. Coffman
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Aaron J. Moskowitz
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Daniel J. Kiley and Judge Kent E. Cattani joined.

---

**W I L L I A M S**, Judge:

**¶1**        Defendant Ali-Mohammad Zamanzadeh appeals his conviction and probation grant for one count of sexual abuse. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        After a female ultrasound technologist reported that Zamanzadeh had groped her breast while she examined his arm, the State charged Zamanzadeh with one count of sexual abuse, a class 5 felony. Under the indictment, Zamanzadeh faced a possible aggravated sentence of 2.5 years' imprisonment. *See* A.R.S. § 13-702(D) (class 5 felony).

**¶3**        Without objection, the court impaneled ten jurors for an eight-person jury (which included two alternates). The jury convicted Zamanzadeh as charged, and the court suspended the imposition of a sentence, placing him on supervised probation for a term of ten years.

**¶4**        Zamanzadeh timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A).

## DISCUSSION

**¶5**        Zamanzadeh argues the trial court deprived him of the right to a twelve-person jury in violation of the Sixth Amendment of the United States Constitution. Because Zamanzadeh did not raise this claim in the trial court, we review only for fundamental, prejudicial error. *See State v. Escalante*, 245 Ariz. 135, 140, ¶ 12 (2018). The "[i]mproper denial of a twelve-person jury" constitutes "fundamental error that may provide a basis for relief even if not raised in the trial court." *State v. Kuck*, 212 Ariz. 232, 233, ¶ 8 (App. 2006).

**¶6**        The Sixth Amendment guarantees criminal defendants "the right to a speedy and public trial, by an impartial jury." U.S. Const. amend.

VI. Applied to the states through the Fourteenth Amendment, the Sixth Amendment does not require a twelve-person jury panel. *See Williams v. Florida*, 399 U.S. 78, 86 (1970) ("hold[ing] that the 12-man panel is not a necessary ingredient of 'trial by jury,'" and a state's "refusal to impanel more than [] six members . . . did not violate [a defendant's] Sixth Amendment rights"); *see also State v. Soliz*, 223 Ariz. 116, 118, ¶¶ 6-7 (2009) (recognizing the United States Supreme Court's holding in *Williams* and explaining that under Arizona law, the legislature has "reserved the twelve-person jury only for the most serious offenses," as measured "by the potential sentence upon conviction"); A.R.S. § 21-102(A)-(B) (providing for twelve-person juries in criminal cases "in which a sentence of death or imprisonment for thirty years or more is authorized by law" and eight-person juries in "any other criminal case").

**¶7** Zamanzadeh acknowledges the holding in *Williams* but argues it has been implicitly overruled based on *Ramos v. Louisiana*, 140 S. Ct. 1390, 1397 (2020), which holds that the Sixth Amendment right to a jury trial in criminal cases includes the right to a unanimous verdict. Zamanzadeh also acknowledges, however, the "modern rule" that we are bound by United States Supreme Court authority until it has been expressly overruled by that court. *See Rodriguez de Quijas v. Shearson/Am. Exp. Inc.*, 490 U.S. 477, 484 (1989). Accordingly, Zamanzadeh has not established a basis for relief in this court.

**CONCLUSION**

**¶8** We affirm.



AMY M. WOOD • Clerk of the Court
FILED:      AA

3