NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSE DE JESUS MONTELONGO, *Appellant.*

No. 1 CA-CR 14-0479

FILED 4-23-2015

Appeal from the Superior Court in Maricopa County
No. CR2012-129868-001
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Michael J. Brown joined.

---

**T H U M M A**, Judge:

¶1        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for defendant Jose De Jesus Montelongo has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Montelongo was given the opportunity to file a supplemental brief pro se, but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Montelongo's convictions and resulting sentences are affirmed as modified.

**FACTS[1] AND PROCEDURAL HISTORY**

¶2        While D.N. was getting gas on June 4, 2012 at a Phoenix gas station, Montelongo rode up on a bicycle, took D.N.'s wallet, broke her nose and then rode off.[2] P.C., the store clerk, called the police. Both D.N. and P.C. identified Montelongo as the perpetrator from a six-person photo lineup.

¶3        While T.C. was getting gas on June 5, 2012 at a Phoenix gas station, Montelongo took him to the ground, demanded his wallet, stabbed him and fled. A.C. saw the attack. T.C. had been stabbed numerous times, was bleeding profusely and was taken to the hospital by paramedics. Responding police officers reviewed video surveillance of the attack and took fingerprints from the gas station, which were later identified as

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588–89, 951 P.2d 454, 463–64 (1997) (citation omitted).

[2] Initials are used to protect the victims' and witness' privacy. *See State v. Maldonado*, 206 Ariz. 339, 341 n.1 ¶ 2, 78 P.3d 1060, 1062 n.1 (App. 2003).

Montelongo's fingerprints. A.C. identified Montelongo as T.C.'s assailant from the same six-person photo lineup D.N. used to identify Montelongo.

¶4 On June 6, 2012, Montelongo was arrested and charged by Indictment with four counts: (1) robbery, a Class 4 felony, (2) attempt to commit armed robbery, a Class 3 felony and dangerous offense, (3) attempt to commit second-degree murder, a Class 2 felony and dangerous offense and (4) misconduct involving weapons, a Class 4 felony and dangerous offense. While in custody, Montelongo made incriminating statements captured on recorded telephone calls.

¶5 The State timely alleged aggravating circumstances, that Montelongo had two prior felony convictions and that he committed the offenses while on release. The State did not offer Montelongo a plea. At a nine-day jury trial, D.N. and T.C. testified and identified Montelongo. Other trial witnesses included A.C., P.C., police officers and Montelongo's parole officer. After the State rested, Montelongo moved for a judgment of acquittal, arguing no substantial evidence supported a conviction, which the court denied. Montelongo did not testify or call any witnesses.

¶6 After final instructions and closing arguments, the jury found Montelongo guilty as charged. The jury found the robbery and attempt offenses were committed for pecuniary gain and that Montelongo caused the victim physical, emotional or financial harm. The jury found the attempt offenses also involved the threat or infliction of serious physical injury; involved "the use, threatened use or possession of a deadly weapon or dangerous instrument" and were dangerous offenses.

¶7 At sentencing, Montelongo knowingly, voluntarily and intentionally stipulated to having two historical prior felony convictions. After hearing argument and considering mitigating and aggravating factors, the court sentenced Montelongo to the following prison terms (each sentenced as a non-dangerous but repetitive offense): an aggravated prison term of 12 years on Count 1; an aggravated prison term of 20 years on Count 2; an aggravated prison term of 28 years on Count 3 and a presumptive prison term of 10 years on Count 4. The court ordered Counts 2–4 to be served concurrently and Count 1 to be served consecutive to Counts 2–4. The court also gave Montelongo 764 days of presentence incarceration credit. From Montelongo's timely appeal, this court has jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona

Revised Statutes (A.R.S.) sections 12-120.21(A)(1), 13-4031 and -4033(A)(1) (2015).[3]

**DISCUSSION**

**¶8**        This court has reviewed and considered counsel's brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30, 2 P.3d 89, 96 (App. 1999). Searching the record and brief reveals no reversible error. The record shows Montelongo was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The evidence admitted at trial constitutes substantial evidence supporting Montelongo's convictions. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentences imposed were within the statutory limits and permissible ranges. This review of the record does reveal six issues that merit further discussion.

**¶9**        First, Montelongo expressed concern about the jury learning he was in custody when the recorded telephone calls were played to the jury. Montelongo did not, however, object on this ground or tender a limiting instruction, meaning review on appeal is for fundamental error. *See* Ariz. R. Crim. P. 21.3(c); *State v. Henderson*, 210 Ariz. 561, 567–68 ¶¶ 19–20, 115 P.3d 601, 607–08 (2005). "Accordingly, [the defendant] 'bears the burden to establish that "(1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice."'" *State v. James*, 231 Ariz. 490, 493 ¶ 11, 297 P.3d 182, 185 (App. 2013) (citations omitted). The calls were relevant as they contained statements by Montelongo indicating he committed the offenses—statements that were critical given that identity was a significant issue presented to the jury. Moreover, Montelongo has failed to establish that the fact he was in custody when the calls were recorded prejudiced him. *See State v. Apelt*, 176 Ariz. 349, 361, 861 P.2d 634, 646 (1993) (requiring showing of actual prejudice to reverse on basis that jurors were inadvertently exposed outside of courtroom to handcuffed or shackled defendant).

**¶10**        Second, while being questioned by Montelongo's counsel, his parole officer testified Montelongo was "released from prison" in 2012. The reference was brief and responsive, and the jury was instructed it could only consider the prior felony conviction for purposes of "determining

---

[3] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

whether the defendant was a 'prohibited possessor.'" As such, this reference did not result in fundamental error causing prejudice. *See James*, 231 Ariz. at 493 ¶ 11, 297 P.3d at 185.

¶11        Third, Montelongo was not present when the superior court discussed with counsel releasing a juror mid-trial in order so he could take his wife to the hospital. Without objection, the court released the juror. Montelongo has not shown the court erred in addressing, in Montelongo's absence, this emergency situation that arose before the final jury began deliberations. *See State v. Dann*, 205 Ariz. 557, 575 ¶ 69, 74 P.3d 231, 249 (2003).

¶12        Fourth, the jury saw video surveillance from the gas station showing Montelongo in the store stealing beer a few hours before the June 5 stabbing. This evidence properly was used for identification, *see* Ariz. R. Evid. 404(b), and the State made no mention of the act of stealing beer. Montelongo did not request a limiting instruction and, although the jury heard that Montelongo's prior presence at the gas station was a "beer run," that reference came from Montelongo's counsel. On this record, allowing the video surveillance evidence was not error, let alone fundamental error resulting in prejudice.

¶13        Fifth, during closing arguments, the State without objection made reference to the evidence being undisputed, adding that "not one person came in here and said, 'No, all the victims got it wrong, the jail calls are somebody else,' you heard nothing like that." Montelongo did not call any witnesses or testify, was not required to do so and the State could not comment on his decision not to testify. *See State v. Hughes*, 193 Ariz. 72, 86–87 ¶¶ 63–64, 969 P.2d 1184, 1198–99 (1998). To the extent this statement could be construed as commenting on Montelongo's decision not to testify, the evidence against him was overwhelming. *See State v. Ramos*, 235 Ariz. 230, 236 ¶¶ 16–18, 330 P.3d 987, 993 (App. 2014). In addition, the jury properly was instructed that what the attorneys said was not evidence. Accordingly, Montelongo has not shown fundamental error resulting in prejudice by the State during closing arguments. *See id.*

¶14        Finally, Montelongo was given 764 days of presentence incarceration credit. The record shows he was arrested on June 6, 2012 and held in custody continuously until the July 11, 2014 sentencing, representing 765 days under A.R.S. § 13-712(B). Accordingly, his sentence is modified to reflect 765 days of presentence incarceration credit.

## CONCLUSION

¶15        This court has read and considered counsel's brief, and has searched the record provided for reversible error and has found none. *See State v. Leon*, 104 Ariz. 297, 300, 451 P.2d 878, 881 (1969); *State v. Clark*, 196 Ariz. 530, 537 ¶ 30, 2 P.3d 89, 96 (App. 1999). Accordingly, Montelongo's convictions and resulting sentences are affirmed as modified to reflect 765 days of presentence incarceration credit.

¶16        Upon filing of this decision, defense counsel is directed to inform Montelongo of the status of the appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Montelongo shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama