NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

COREY DELANO BROOKINS, *Appellant*.

No. 1 CA-CR 15-0311
FILED 3-15-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-443470-001
The Honorable Peter C. Reinstein, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Maricopa County Legal Advocate's Office, Phoenix
By Kerri L. Chamberlin
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

**¶1**        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Corey Delano Brookins has advised the court that, after searching the entire record, counsel has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Brookins was given the opportunity to file a supplemental brief pro se, but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Brookins' convictions and resulting sentences are affirmed, as modified to reflect that his sentences for counts 2, 3 and 4 were for non-dangerous category two repetitive offenses and to provide Brookins 598 days of presentence incarceration credit.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**        Brookins befriended Andrew Taylor in July 2013. Brookins had an Arizona medical marijuana card and shared some of his marijuana with Taylor. On September 4, 2013, Taylor visited Brookins' apartment in Mesa, where the two men spent the day smoking marijuana and playing video games.

**¶3**        Taylor returned to Brookins' apartment the next afternoon carrying a large garbage bag. Brookins could smell the odor of marijuana coming from the bag and, after opening the bag, Brookins learned it contained more than 15 pounds of marijuana packaged in large bricks. Brookins hid some of the bricks in a dog food bag and vacuum sealed the other bricks. Brookins then placed two of the vacuum-sealed bricks in a box and wrapped the box in brown shipping paper.

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997).

¶4          While Brookins was repackaging the marijuana, Taylor left to buy a new phone. Taylor then returned with Richard Moore, who Brookins had not met before. Taylor introduced Brookins and Moore and the three men smoked marijuana and talked. Brookins then gave Taylor the dog food bag filled with marijuana, and Taylor began taking out the marijuana bricks and placing them on the table.

¶5          The men then discussed Moore purchasing some marijuana. Moore offered $515 per pound, but Brookins wanted $525 per pound. Eventually, Brookins agreed to $515 per pound, adding that if they found out later the price should have been different they could resolve it then. Abruptly, Moore stood up, pulled out a gun and pointed it at Brookins. Brookins grabbed the gun, and Taylor ran out of the apartment. Initially, Brookins was unable to wrestle the gun away from Moore, and Moore hit Brookins on the side of the head with the gun. Brookins later wrested the gun away from Moore and fired three rounds at Moore. Two of the rounds hit Moore -- one in his face and the other in his chest -- and Moore died from the gunshots at the scene.

¶6          Brookins told his girlfriend, D.B.,[2] who had been in the apartment during the shooting, that he needed to go and that she should leave. D.B. went to a nearby apartment of Bryan Burns and told him what had happened. While D.B. called the police, Burns went to Brookins' apartment and carried out the garbage bag filled with marijuana. Police soon arrived and found Moore dead in the apartment and bricks of marijuana in a dog food bag. Police also found a box containing two vacuum-sealed bricks of marijuana wrapped with brown shipping paper.

¶7          A few days later, Burns was transporting the marijuana he had taken from Brookins' apartment when he was stopped by police. The police found 15 bricks in Burns' trunk. Testing at a crime lab confirmed the bricks taken from Brookins' apartment were marijuana. A portion of the marijuana weighed 6.8 pounds, but the lab did not weigh all of the bricks.

---

[2] Initials are used to protect the identity of the victims. *See State v. Maldonado*, 206 Ariz. 339, 341 n.1 ¶ 2 (App. 2003).

**¶8**          Police arrested Brookins several days after the shooting. The State charged Brookins by indictment with: count 1, first degree murder, a Class 1 dangerous felony; count 2, sale or transportation of marijuana, a Class 2 felony; count 3, possession of marijuana for sale, a Class 2 felony; and count 4, misconduct involving weapons, a Class 4 felony. During trial, Brookins moved for a mistrial when an officer testified, without prompting, that Brookins asked for an attorney after being read his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). The court denied the motion but offered to give a curative jury instruction and have the statement stricken from the record. Brookins declined both offers, opining that that they would draw more attention to the statement.

**¶9**          After a seven-day trial, where Brookins testified in his own defense, the jury found him guilty as charged. The superior court then sentenced Brookins to life in prison with the possibility of community supervision after 25 years on count 1; 9.25 years for each of counts 2 and 3; and 4.5 years for count 4. The superior court ordered all sentences to run concurrently and gave Brookins 597 days of presentence incarceration credit.

**¶10**          Brookins timely appealed his convictions and sentences. This court has jurisdiction pursuant to Arizona Revised Statues (A.R.S.) sections 12-120.21(A)(1), 13-4031 and -4033(A)(1) (2016).[3]

## DISCUSSION

**¶11**          This court has reviewed and considered counsel's brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Searching the record and brief reveals no reversible error. The record shows that Brookins was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The evidence received at trial constitutes substantial evidence to support Brookins' convictions.

---

[3] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

**¶12**      From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Brookins does not challenge the superior court's ruling on his motion for mistrial, and the record shows the court did not abuse its discretion in denying the motion. *See State v. Bible*, 175 Ariz. 549, 598 (1993) (holding motion for mistrial based on evidentiary concerns is reviewed for an abuse of discretion). The jury was properly comprised of 12 members. The court properly instructed the jury, including on the elements of the charges, the State's burden of proof and the necessity of reaching a unanimous verdict. The jury returned unanimous verdicts that were confirmed by juror polling.

**¶13**      The sentencing minute entry states the court imposed presumptive sentences for non-dangerous, non-repetitive offenses for counts 2, 3 and 4. However, the sentences imposed (9.25 years in prison for counts 2 and 3, and 4.5 years in prison for count 4) are presumptive sentences for non-dangerous category-two *repetitive* offenses. *See* A.R.S. § 13-703(B), (I). On appeal, this court can correct a minute entry to reflect the properly-imposed sentence. *State v. Ovante*, 231 Ariz. 180, 188 ¶ 38 (2013). The record here clearly indicates the court properly sentenced Brookins as a category two repetitive offender for counts 2, 3 and 4, and the minute entry should be corrected accordingly. *See id.* Brookins admitted at trial, and the State provided evidence at sentencing, that he had been convicted of a felony months before the offenses in this case. The court also expressly considered the presentence report, which adopted the State's recommendation that Brookins be sentenced as a repetitive offender. Based on this record, the court properly sentenced Brookins as a non-dangerous category-two repetitive offender for counts 2, 3 and 4. *See* A.R.S. § 13-703(B), (I). Accordingly, the sentence is affirmed as amended to reflect those corrections and to provide Brookins 598 days of presentence incarceration credit (given he was taken into custody on September 9, 2013 and held until he was sentenced on April 30, 2015).

## CONCLUSION

**¶14** This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Accordingly, Brookins' convictions and resulting sentences are affirmed as modified to reflect that he was sentenced as a non-dangerous category two repetitive offender for counts 2, 3 and 4 and provide Brookins 598 days of presentence incarceration credit.

**¶15** Upon filing of this decision, defense counsel is directed to inform Brookins of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Brookins shall have 30 days from the date of the decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama