78 P.3d 1060

**STATE of Arizona, Appellee,**

v.

**Sue Ann MALDONADO, Appellant.**

**No. 1 CA–CR 02–0519.**

Court of Appeals of Arizona, Division 1, Department B.

Nov. 6, 2003.

Review Denied March 16, 2004.

---

340

Terry Goddard, Attorney General by Randall M. Howe, Chief Counsel, Criminal Appeals Section and Karla Hotis DeLord, Assistant Attorney General, Phoenix, Attorneys for Appellee.

David Goldberg, Flagstaff, Attorney for Appellant.

## OPINION

EHRLICH, Judge.

¶ 1 Sue Ann Maldonado appeals her convictions for being an accomplice to sexual conduct with her daughter, a minor younger than age fifteen, and for the abuse of that daughter. For reasons discussed below, we hold that the trial court violated Maldonado's right to be tried by a twelve-person jury as guaranteed by the Arizona Constitution and by Arizona Revised Statutes section ("A.R.S. § ") 21–102(A) (2002). We therefore reverse the convictions and remand this matter for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 Maldonado's fourteen-year old daughter, K.,[1] began to associate with twenty-two-year-old Fernando Villegas in January 2001. Villegas often visited K. at Maldonado's house. He knew K.'s age, and Maldonado knew Villegas' age and of his growing relationship with her daughter.

¶ 3 On April 6, 2001, with a law-enforcement officer present, Maldonado gave K. permission to live with Villegas because she "was tired of all the hassles with [K.] and ... was going to let her see what it was like to live with someone." K. spent the night with Villegas, during which they had sexual intercourse.

¶ 4 Approximately two weeks later though, Maldonado, fearing that K. could become pregnant, obtained from the superior court an injunction against harassment to prohibit Villegas from having contact with her daughter. In her petition, Maldonado wrote that Villegas used and sold drugs, and "[might] have [K.] doing them." In addition, she expressed concern that K. could become pregnant.

¶ 5 Soon after the injunction was issued, a doctor confirmed that K. was pregnant. Maldonado then successfully petitioned the superior court to dismiss the injunction so that Villegas could help support her and K. Maldonado also invited Villegas to live in her home with K., which he did.

¶ 6 Eventually, however, Maldonado told Villegas to leave the home because he was not providing adequate support. When an argument ensued, Maldonado again granted K. permission to live with Villegas. She also gave Villegas K.'s birth certificate, Social Security card and doctors' receipts. K. stayed with Villegas that night and again had sexual intercourse with him.

¶ 7 Villegas was arrested and charged with certain offenses after K. admitted that they had engaged in sexual intercourse. Maldonado was charged with sexual conduct with a minor, child molestation and child abuse.

¶ 8 At the outset of the trial, before the jury was selected, the prosecutor successfully moved to have the molestation charge dismissed in order to "take away the need for 12 jurors" because he believed that the sentences upon conviction of the other two offenses would be concurrent. Maldonado then stipulated to an eight-person jury.

¶ 9 Maldonado was found guilty as charged in the remaining two counts by an eight-person jury. The range of sentence for sexual conduct with a minor, a class 2 felony and dangerous crime against a child in the first degree, is a prison term from 13 to 27 years, and the range of sentence for child abuse, a class 4 felony, is a prison term from 1 to 3.75 years.[2] The trial court sentenced Maldonado to concurrent mitigated prison terms of thirteen years for sexual conduct with a minor and one and a half years for child abuse, and she appealed.

## DISCUSSION

### A. Twelve–Person Jury

¶ 10 The dispositive issue is whether, as she argues, Maldonado was entitled by

---

1. We use only the first initial of the girl's first name to protect her privacy as a victim.

2. *See* A.R.S. § 8–201(2)(1999); A.R.S. §§ 13–301, 13–303(A)(3), 13–604.01(C),(F), 13–702, 13–702.01(A),(B), 13–1405, 13–3623(B)(1)(2001).

Article 2, section 23 of the Arizona Constitution and A.R.S. § 21–102(A) to have her case decided by a twelve-person jury because she faced a maximum possible sentence of thirty or more years despite the fact that the cumulative term of the sentence imposed by the court was less than thirty years.[3] Although Maldonado stipulated to a lesser number of jurors, the improper denial of a twelve-person jury nonetheless is fundamental error. *State v. Luque,* 171 Ariz. 198, 201, 829 P.2d 1244, 1247 (App.1992). This is an issue that we review de novo. *See State v. Smith,* 197 Ariz. 333, 335, 340 ¶ 2, 21, 4 P.3d 388, 390, 395 (App.1999); *see also State v. Uriarte,* 194 Ariz. 275, 280 ¶ 26–27, 981 P.2d 575, 580 (App.1998).

■ ¶ 11 The State first questions whether, assuming that Maldonado was entitled to a twelve-person jury, she waived that right, although it concedes that the waiver may not have been in accord with Arizona law. The State's reservation is appropriate.

■ ¶ 12 The waiver of a twelve-person jury is comparable to the waiver of a jury trial because the trial court must advise the defendant of her right to a twelve-person jury and ascertain from her that the waiver of such right is "knowing, voluntary and intelligent." *Smith,* 197 Ariz. at 338–39 ¶ 14–17, 4 P.3d at 393–94 (Waiver of twelve-person jury is inherent fundamental right "waived only by the defendant and not by his attorney." *Id.* at 338 ¶ 14, 4 P.3d at 393 (citations omitted).); *see also State v. Butrick,* 113 Ariz. 563, 565–66, 558 P.2d 908, 910–11 (1976). In this regard, the court must adhere to the same procedure required by the

Arizona Rules of Criminal Procedure for a waiver of a jury trial. *Smith,* 197 Ariz. at 338–39 ¶ 16, 4 P.3d at 393–94 (citing *State v. Prince,* 142 Ariz. 256, 258, 689 P.2d 515, 517 (1984)). The record does not demonstrate that the court considered the issue, nor does it show that Maldonado even ratified counsel's agreement to an eight-person jury.

■ ¶ 13 The State then asserts that it was not error that Maldonado was not tried by a twelve-person jury for two related reasons, each of which relates to the sentence that Maldonado received. It argues first that the two charges for which Maldonado was tried constituted a single act requiring concurrent sentences of less than thirty years pursuant to A.R.S. § 13–116 (2001), meaning that a twelve-person jury was not mandated.[4] It contends second that, because Maldonado indeed received concurrent sentences, the longer of which was less than thirty years, it is of no legal consequence that she was tried by an eight-person jury.

¶ 14 Neither of the State's responses is sound because each is based on an assumption that the imposition of sentence relates back to the calculation of the number of jurors necessary to decide the case. Article 2, section 23 of the Arizona Constitution provides that, when the "authorized" prison sentence is thirty years or more, the jury "shall consist of twelve persons," and A.R.S. § 21–102(A) is to the same effect. *See State v. Fancy,* 139 Ariz. 76, 79, 676 P.2d 1134, 1137 (App.1983). It is the sentence to which the defendant is exposed at the outset of the jury trial that determines the number of jurors selected. To reason, as does the State, that

---

3. Article 2, section 23 of the Arizona Constitution provides:
   > The right of trial by jury shall remain inviolate. Juries in criminal cases in which a sentence of ... imprisonment for thirty years or more is authorized by law shall consist of twelve persons.
   In addition, A.R.S. § 21–102(A) requires:
   > A jury for trial of a criminal case in which a sentence of ... imprisonment for thirty years or more is authorized by law shall consist of twelve persons, and the concurrence of all shall be necessary to render a verdict.

4. Section 13–604.01(K), A.R.S., mandates that a sentence for sexual conduct with a minor be consecutive to the sentence for child abuse un-

less A.R.S. § 13–116 applies. *State v. Arnoldi,* 176 Ariz. 236, 242, 860 P.2d 503, 509 (App.1993)(Section 13–116 is "paramount in the statutory scheme of sentencing."). Section 13–116 provides that "[a]n act ... made punishable in different ways by different sections of the laws may be punished under both, but in no event may sentences be other than concurrent." *See State v. Gordon,* 161 Ariz. 308, 315–16, 778 P.2d 1204, 1211–12 (1989)(The statute generally applies when there are multiple punishments for a single act.). However, Maldonado was charged with separate acts, and thus there is no issue of multiple punishments for a single act mandating concurrent sentences.

a resulting cumulative sentence of less than thirty years may make harmless a fewer number of jurors considering the charges misses the point of having the requisite number of jurors deliberate about the question of guilt.

¶ 15 The *Fancy* case presented an analogous situation. 139 Ariz. 76, 676 P.2d 1134. The defendant was found guilty by an eight-person jury of offenses for which the maximum cumulative sentence was less than thirty years. However, he had admitted two sentence-enhancing prior felony convictions and thus faced a maximum sentence of more than thirty years. The trial court dismissed the prior felony allegations to reduce the maximum possible sentence to less than thirty years in an effort to cure the error of an inadequate number of jurors, and this court reversed.

> [T]he court's action in this case allowed an eight person jury to actually deliberate on the fate of a defendant who was, at the time the jury was deliberating, faced with the possibility of a term of imprisonment for more than thirty years. This was a clear violation of the statute and our constitution. If we were to affirm the trial court's order, our holding would have the practical effect of allowing a criminal trial to an eight person jury in violation of the Arizona Constitution and state statute anytime the jury returned a verdict with convictions which would authorize a sentence of less than thirty years, even though the defendant faced a possible sentence in excess of thirty years at the start of the jury's deliberation.

*Id.* at 79, 676 P.2d at 1137.

¶ 16 Similarly, facing the possibility of the imposition of a cumulative prison term of thirty or more years if she were convicted as charged and sentenced to the maximum

terms provided by law,[5] Maldonado was entitled to be tried by a twelve-person jury. The trial court's failure to impanel the lawful number of jurors was fundamental error requiring reversal and a new trial. *Luque,* 171 Ariz. at 201, 829 P.2d at 1247.

### B.  *Sufficiency of Evidence*

¶ 17 Maldonado asserts that because the evidence was insufficient as a matter of law, her convictions must be reversed and she therefore cannot be retried. She specifically claims that the State failed to prove beyond a reasonable doubt that she intended to promote or facilitate the crimes of sexual conduct with a minor or child abuse. She complains further because the trial court instructed the jury that Maldonado was liable as an accomplice. However, "[t]o set aside a jury verdict for insufficient evidence it must clearly appear that upon no hypothesis whatever is there sufficient evidence to support the conclusion reached by the jury," *State v. Arredondo,* 155 Ariz. 314, 316, 746 P.2d 484, 486 (1987) (citation omitted), and we do not find this to be the case.

¶ 18 The trial court defined an "accomplice" as a person who, "with intent to promote or facilitate the commission of an offense ... [p]rovide[d] means or opportunity to another person to commit the offense." *See* A.R.S. § 13–301(3). The court also instructed the jury that the offense of sexual conduct with K. required proof that Villegas had intentionally or knowingly penetrated her vulva with a part of his body, that K. was not yet fifteen years of age and that Maldonado was an accomplice to Villegas. *See* A.R.S. §§ 13–1401(3), 13–1405(A)(2001).

¶ 19 Maldonado, Villegas and law-enforcement officers testified that Maldonado twice gave permission to K. to stay with Villegas. A reasonable juror therefore could infer that

---

5.  Moreover, A.R.S. § 13–116 does not confine the sentences to concurrent punishment because a jury certainly could find that Maldonado committed separate acts when she twice gave K. permission to live with Villegas. Each act could render Maldonado guilty as an accomplice upon sufficient evidence that, with the intent to promote or facilitate the commission of sexual conduct with a minor, she provided Villegas with the means or opportunity to knowingly engage in

sexual intercourse with K. In addition, each individual act could demonstrate guilt as a principal or as an accomplice for the offense of child abuse if Maldonado, with the intent to promote or facilitate, provided the means or opportunity for Villegas to intentionally and knowingly abuse K. If Maldonado perpetrated separate acts in providing the means or opportunity on more than one occasion, § 13–116 would not apply.

Maldonado was providing the means or opportunity for Villegas, a twenty-two-year-old man with a sexual interest in her fourteen-year old daughter, to engage in sexual conduct with K. There was sufficient evidence for a jury to conclude that Maldonado was an accomplice to the commission of sexual conduct with a minor and child abuse.

¶ 20 Maldonado presents a number of other issues. Each of those arguments may be resolved with further proceedings upon remand and need not be addressed by this court at this time.

## CONCLUSION

¶ 21 The convictions are reversed. This matter is remanded for further proceedings consistent with this opinion.

CONCURRING: JEFFERSON L. LANKFORD, Presiding Judge and MAURICE PORTLEY, Judge.