NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

_____

STATE OF ARIZONA, *Appellee,*

*v.*

BRADLEY JACQUES CHEE, *Appellant.*

No. 1 CA-CR 13-0628
FILED 07-17-2014

_____

Appeal from the Superior Court in Maricopa County
No. CR2013-108032-001
The Honorable Peter C. Reinstein, Judge

**AFFIRMED**

_____

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge John C. Gemmill and Judge Randall M. Howe joined.

**T H U M M A**, Judge:

¶1          This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for Defendant Bradley Jacques Chee has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Chee was given the opportunity to file a pro se supplemental brief, but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Chee's convictions and resulting sentences are affirmed.

### FACTS[1] AND PROCEDURAL HISTORY

¶2          In February 2013, Chee approached victims J.C., R.T. and J.R. while they were seated at a table outside of a restaurant in Mesa.[2] After standing behind the victims, Chee approached the victims and asked "How can I get a cab around here?" J.C. testified Chee was "very aggressive, and he had a reek of alcohol and kind of was slurring." The victims suggested Chee ask the bartender to call a cab. In response, Chee pulled a knife out of his pocket, and began stabbing the food that was on J.R.'s plate. While still holding the knife, Chee grabbed J.C. by the collar, holding the knife in close proximity to J.C.'s throat. After J.C. escaped Chee's grasp, Chee walked toward J.C. "with the knife in his hand like aiming at [J.C.] probably about three feet away from" J.C.

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89, 951 P.2d 454, 463-64 (1997) (citation omitted).

[2] Initials are used to protect the identity of the victims. *See State v. Maldonado*, 206 Ariz. 339, 341 n.1 ¶ 2, 78 P.3d 1060, 1062 n.1 (App. 2003).

¶3 J.R. called the police and Chee then left for an adjacent establishment. After the police arrived, an officer located Chee, who still had the same knife in his possession. The police interviewed witnesses, and took photographs of the knife.

¶4 Chee was charged by Indictment with: (1) aggravated assault, a Class 3 dangerous felony, and (2) disorderly conduct, a Class 6 dangerous felony. The victims, officers and other witnesses testified at trial. At the close of the State's case in chief, Chee moved for a judgment of acquittal claiming insufficient evidence to convict on both charges, which the superior court denied. The jury then found Chee guilty as charged. The superior court sentenced Chee to a mitigated term of 6.5 years on count one and a presumptive term of 2.25 years on count two, to run concurrently, and properly credited Chee with 174 days of presentence incarceration.

¶5 Chee timely appealed his convictions and sentences. This court has jurisdiction pursuant to Arizona Revised Statues (A.R.S.) sections 12-120.21 (A)(1), 13-4031, and -4033 (A)(1) (2014).[3]

## DISCUSSION

¶6 This court has reviewed and considered counsel's brief and has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30, 2 P.3d 89, 96 (App. 1999). Searching the record and brief reveals no reversible error. The record shows that Chee was represented by counsel at all stages of the proceedings and counsel was present at all critical stages. The record also indicates that Chee knowingly, voluntarily and intelligently rejected the State's plea offer and proceeded to trial fully aware of the consequences (including possible sentences) he could receive if found guilty. The evidence admitted at trial constitutes substantial evidence supporting Chee's convictions. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the sentences imposed were within statutory limits and permissible ranges.

## CONCLUSION

¶7 This court has read and considered counsel's brief and has searched the record provided for reversible error and has found none.

---

[3] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

*Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537 ¶ 30, 2 P.3d at 96. Accordingly, Chee's convictions and resulting sentences are affirmed.

¶8        Upon filing of this decision, defense counsel is directed to inform Chee of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Chee shall have thirty days from the date of the decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.



**Ruth A. Willingham** · **Clerk of the Court**
FILED: gsh