NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

STEVE ANTHONY CARTER, *Appellant*.

No. 1 CA-CR 19-0285
FILED 2-20-2020

Appeal from the Superior Court in Coconino County
No. S0300CR201800425
The Honorable Ted Stuart Reed, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Coconino County Public Defender's Office, Phoenix
By Brad Bransky
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Paul J. McMurdie joined.

---

**T H U M M A**, Judge:

**¶1**          This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Counsel for defendant Steve Anthony Carter has advised the court that, after searching the entire record, he has found no arguable question of law and asks this court to conduct an *Anders* review of the record. Carter was given the opportunity to file a supplemental brief pro se, but has not done so. This court has reviewed the record and has found no reversible error. Accordingly, Carter's convictions and resulting probation grants are affirmed.

**FACTS[1] AND PROCEDURAL HISTORY**

**¶2**          One Sunday morning in April 2018, Carter decided to burn a pile of trash outside his home in Winona, Arizona. Given the dry, windy conditions, local fire officials had designated that Sunday a no burn day. When the wind picked up, Carter's fire quickly spread out of control, ultimately burning more than 80 acres of land.

**¶3**          The fire resulted in damage to several neighboring properties, including burning down a nearby home that J.J. owned.[2] At the time of the fire, J.J.'s significant other, T.D., their daughter, N.D., and infant grandson, Q.M., were sleeping inside the home when T.D. awoke to a noise outside the window. Moments later, a burning tree branch crashed through the window and flames engulfed his bedroom. T.D. shouted a warning, causing N.D. to rush her infant to her car then rush back inside the home to find her car keys. N.D. later testified that black smoke had filled the home,

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997) (citation omitted).

[2] Initials are used to protect the victims' privacy. *State v. Maldonado*, 206 Ariz. 339, 341 ¶ 1 n.1 (App. 2003).

making it hard to see and forcing her to hold her breath while she searched for the keys.

¶4 Meanwhile, T.D. ran to the back of the home to release their dogs. They all then watched their home burn to the ground. T.D. had burns on his face, N.D. reported a burn on her back and Q.M.'s baby clothes were singed. T.D. and N.D. estimated the loss of their property, including vehicles, jewelry and motorcycles, at $153,525. J.J. valued the home and property she lost at $220,000.

¶5 The State charged Carter by Indictment later that month. After various continuances and some motion practice, a four-day trial occurred in February and March 2019. The charges submitted to the jury were: (1) two counts of criminal damage, Class 4 felonies; (2) two counts of criminal damage, Class 6 felonies; (3) three counts of endangerment, Class 6 felonies and (4) reckless burning, a Class 1 misdemeanor.

¶6 At trial, law enforcement, fire officials and the adult victims listed above testified to the damage, loss and trauma caused by the fire. A deputy testified that, when responding to the location, Carter admitted to setting the fire. Carter elected not to testify, as was his right.

¶7 The jury found Carter guilty as charged. In May 2019, the court suspended sentence and placed Carter on standard probation for three years for all convictions and ordered him to pay $153,525 in restitution in $400 monthly payments.[3]

¶8 Carter timely appeals his convictions and sentences. This court has jurisdiction over his appeal pursuant to Arizona Revised Statutes (A.R.S.) § 12-120.21(A)(1), §§ 13-4031 and -4033(A)(1)(2020).[4]

## DISCUSSION

¶9 The court has reviewed and considered defense counsel's brief and has searched the record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999) (providing guidelines for briefs when

---

[3] In December 2019, Carter admitted to violating probation and was sentenced to concurrent prison terms on the felony convictions, the longest of which was one-and-a-half years. Those post-appeal developments are not at issue here and also do not moot this appeal.

[4] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

counsel has determined no arguable issues to appeal). Searching the record and briefing reveals no reversible error. The record shows Carter was represented by counsel at all critical stages. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentence consequences imposed were within the statutory limit. Neither counsel nor Carter raised any issues on appeal.

## CONCLUSION

**¶10**     This court has read and considered counsel's brief, and has searched the record provided for reversible error and has found none. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Accordingly, Carter's convictions and probation grants are affirmed.

**¶11**     Upon filing of this decision, defense counsel is directed to inform Carter of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Carter shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.

