NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee*,

*v.*

ERIC MICHAEL REGAN,
*Appellant.*

No. 1 CA-CR 19-0514, 1 CA-CR 19-0515
(Consolidated)
FILED 7-21-2020

Appeal from the Superior Court in Maricopa County
No.  CR2018-138042-001
CR2018-160887-001
The Honorable Susanna C. Pineda, Judge

**AFFIRMED AS MODIFIED**

**COUNSEL**

Arizona Attorney General's Office, Phoenix
By Michael O' Toole
*Counsel for Appellee*

Michael J. Dew, Phoenix
*Counsel for Appellant*

Eric Michael Regan, San Luis
*Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Chief Judge Peter B. Swann joined.

---

**T H U M M A**, Judge:

**¶1** This is an appeal under *Anders v. California*, 386 U.S. 738, 744 (1967) and *State v. Leon*, 104 Ariz. 297, 300 (1969). Counsel for defendant Eric Michael Regan has advised the court that, after searching the entire record, no arguable question of law was identified and asks this court to conduct an *Anders* review of the record. Regan was given the opportunity to file a supplemental brief pro se and has done so. This court has reviewed the record and found no reversible error. *Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999). Accordingly, the convictions and resulting prison sentences and probation grants are affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2** This consolidated appeal arises out of two separate incidents.

**¶3** CR19-0514 arises out of an incident in August 2018. Regan was waiting at a Phoenix bus stop on a bench with a cup near him. R.R. was going to sit on the bench and twice asked Regan if the cup belonged to him.[2] Both times, Regan said no. R.R. then threw the cup away. Regan became enraged and aggressive and attacked R.R. The attack resulted in several 911 calls by others in the area.

**¶4** Law enforcement arrived and attempted to deescalate the situation. They asked if either of the men wanted to press charges. Neither did. The officers allowed Regan to leave. He walked away for a short time before charging back toward the police at a "dead sprint" yelling and with

---

[1] This court views the facts "in the light most favorable to sustaining the verdict, and resolve[s] all reasonable inferences against the defendant." *State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997).

[2] Initials are used to protect the victims' privacy. *State v. Maldonado*, 206 Ariz. 339, 341 ¶ 2 n.1 (App. 2003).

clenched fists. After several unsuccessful attempts to calm Regan, the officers then decided to arrest him for disorderly conduct.

¶5   Regan pressed himself against the bus stop bench to prevent the officers from handcuffing him. When the officers grabbed him to make the arrest, he used a single leg takedown on officer A.F. Other officers then became involved. Eventually, they were able to handcuff Regan and began walking him toward the police car. Regan then used his leg to hook officer E.L.'s leg, causing him to fall.

¶6   The State charged Regan with two counts of aggravated assault, Class 5 felonies; one count of resisting arrest, a Class 6 felony; and one count of disorderly conduct, a Class 1 misdemeanor.

¶7   During the four-day jury trial in May 2019, the State offered testimony of R.R., a woman who witnessed the event and made 911 calls, and the three officers involved in arresting Regan. Regan elected to testify on his own behalf. After considering the evidence and arguments, the jury found Regan guilty as charged.

¶8   CR19-0515 arises out of an incident at a Phoenix park in December 2018. Witnesses observed Regan punching and kicking B.R., who was curled up in a fetal position. P.M. and S.S. attempted to help B.R. by separating Regan from B.R. Regan threw a punch at P.M. "graz[ing]" the side of his face.

¶9   Regan walked away. S.S. and P.M. started walking back to their car. K.H. called 911 out of concern for the injuries B.R. received. While K.H. was on the phone, Regan ran toward her and attempted to take her tote bag. S.S. ran back to K.H. and pushed Regan away from the tote bag. Regan punched S.S. several times, bruising his face.

¶10   The State charged Regan with one count of aggravated assault, a Class 4 felony; one count of attempted robbery, a Class 5 felony; and two counts of assault, Class 1 misdemeanors.

¶11   During the four-day jury trial in June 2019, the State offered testimony of K.H., S.S., C.S., P.M., and the police officer involved. The jury found Regan guilty of aggravated assault, attempted robbery, and one count of assault, finding him not guilty on the other assault charge. The jury also found that Regan was on release from a prior felony at the time of the December 2018 felony offenses.

¶12 At the consolidated sentencing hearing in September 2019, the court heard statements from Regan, one of his boxing mentees, Keenan Carbajal, and Keenan's grandfather, Danny Carbajal. In CR19-0515 the court sentenced Regan as a Category 2 repetitive offender (given the felony convictions in CR19-0514) to concurrent 4.25 year prison terms (mitigated 2.25 year prison terms, plus 2 years for being on felony release) for the aggravated assault and attempted robbery convictions, with 265 days of presentence incarceration credit.[3] For the misdemeanor, the consequence was credit for time served totaling six months. In CR19-0514, the court suspended sentence and placed Regan on supervised probation with mental health terms for the felony convictions, each non-dangerous and non-repetitive, to start upon his release from prison in CR19-0515. For the misdemeanor, the consequence was credit for time served totaling six months.

¶13 This court has jurisdiction over Regan's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) § 12-120.21(A)(1), §§ 13-4031 and -4033(A)(1)(2020).

## DISCUSSION

¶14 This court has reviewed and considered counsel's brief and Regan's pro se supplemental brief, and has searched the record provided for reversible error. *Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537 ¶ 30. Searching the record and briefs reveals no reversible error.

¶15 The record shows Regan was represented by counsel at all critical stages of the proceedings. The record provided also shows there was substantial evidence supporting Regan's convictions, sentences and probation grants. From the record, all proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure, and the

---

[3] Although the sentencing minute entry in CR19-0515 stated the conviction was for robbery, a non-dangerous, non-repetitive offense, as appellant's opening brief on appeal notes, the conviction was for attempted robbery and the oral pronouncement of the sentence was for a non-dangerous but repetitive (Category 2) offense. Accordingly, the sentencing minute entry in CR19-0515 is modified to reflect the correct offense for Count two as attempted robbery and that Regan was sentenced as a non-dangerous but repetitive (Category 2) offender for that conviction. *See State v. Ovante*, 231 Ariz. 180, 188 ¶ 38 (2013).

consequences imposed were within the statutory limits and permissible ranges.

¶16  In his supplemental pro se brief, Regan summarily claims that, in CR19-0514, "[t]he material fact of the time of the 911 calls entered into evidence and officer's dispatch to the scene were withheld [from] the court." At trial, 911 calls were admitted from a witness who then testified at trial. The 911 call referenced by Regan on appeal was from another individual, who was identified only by a first name and was never listed as a trial witness. Regan's counsel never sought additional disclosure of about this individual. When Regan sought admission of this 911 call to impeach R.R., the court denied the request, noting Regan had made no effort to try to make the witness available and no party had subpoenaed the witness. The court excluded the recording as hearsay, adding that "unless you can give me more information, . . . I'm going to deny your request" to admit that recording. On the record presented, Regan has not shown that the superior court abused its discretion in rejecting this request, both based on disclosure obligations as well as the evidentiary rules, or that the superior court committed reversible error in addressing this impeachment evidence.[4]

---

[4] In his supplemental pro se brief, Regan also mentions that, in CR19-0515, an individual may have been allowed to remain in the courtroom in violation of the rule of exclusion. Regan, however, states that he "will argue that as a matter for Rule 32," meaning the court need not address it here.

**CONCLUSION**

**¶17** Regan's convictions and resulting prison sentences and probation grants are affirmed. Upon the filing of this decision, defense counsel is directed to inform Regan of the status of his appeal and of his future options. Defense counsel has no further obligations unless, upon review, counsel identifies an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Regan shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED: AA