NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

WILLIE JOHNSON, *Appellant*.

No. 1 CA-CR 19-0183

FILED 1-28-2021

Appeal from the Superior Court in Maricopa County
No. CR2012-155668-001
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric Knobloch
*Counsel for Appellee*

The Susser Law Firm PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B A I L E Y**, Judge:

¶1        Defendant Willie Nathan Johnson appeals his conviction and sentence for first-degree murder in the death of his aunt, G.W.[1]  Because sufficient evidence supports the verdict, we affirm.

**FACTS[2] AND PROCEDURAL HISTORY**

¶2        G.W. was found stabbed to death in her home in September 2002, by her niece, C.B.  When C.B. arrived at G.W.'s house that day, she noticed G.W.'s car was not in the driveway and the front door was unlocked.  C.B. had last spoken to G.W. two days before.  On that day, neighbors reported seeing a black male outside G.W.'s home who appeared to be 30 to 32 years old, approximately 5'8" tall and 180 pounds, with an acne-scarred face and wearing a white shirt, white shorts, and a white baseball hat with a red underbill.  This physical description generally matched Johnson.

¶3        The day before G.W.'s body was discovered, her car was found abandoned in an apartment parking lot about five miles from her home with the keys inside.  A search of the car uncovered a clump of hair, two pairs of men's underwear, and a blood-stained knife that was wedged between the driver and passenger seats and covered by tissues and a plastic bag.  DNA testing linked Johnson to the knife and other items inside the car.  In addition, his fingerprint was found on a drinking glass in G.W.'s kitchen and on a window of her car.

---

[1] We use initials to protect the victim's privacy.  *See* Ariz. R. Sup. Ct. 111(i); *State v. Maldonado*, 206 Ariz. 339, 341, ¶ 2 n.1 (App. 2003).

[2] On appeal, we view the evidence in the light most favorable to sustaining the conviction and resolve all reasonable inferences against Johnson.  *State v. Karr*, 221 Ariz. 319, 320, ¶ 2 (App. 2008).

¶4 Ten years after G.W. died, the State charged Johnson with first-degree murder, a Class 1 felony, in violation of A.R.S. § 13-1105 under alternative theories of felony murder and premeditated murder. After a 24-day trial, the jury found Johnson guilty of the charged offense. Johnson was sentenced to twenty-five years' imprisonment.

¶5 We have jurisdiction over Johnson's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes §§ 12–120.21(A)(1), 13–4031, and –4033(A).

## DISCUSSION

¶6 On appeal, the only argument Johnson raises is that the evidence was insufficient to support his conviction. We review the sufficiency of the evidence de novo. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). We will not set aside a conviction for insufficient evidence "unless there is no substantial evidence to support the jury's verdict." *State v. Young*, 223 Ariz. 447, 450, ¶ 12 (App. 2010) (quoting *State v. Scott*, 187 Ariz. 474, 477 (App. 1996)). "Substantial evidence is more than a 'mere scintilla' and is that which reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt." *Id.* (quoting *State v. Hughes*, 189 Ariz. 62, 73 (1997)). We view the evidence in the light most favorable to the State and determine whether "a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (quoting *State v. Montano*, 204 Ariz. 413, 423, ¶ 43 (2003)). We consider both direct and circumstantial evidence in determining whether substantial evidence supports the conviction. *West*, 226 Ariz. at 562, ¶ 16.

¶7 To prove felony murder, the State had to establish that Johnson committed or attempted to commit a burglary, and, in the course of and in furtherance of the burglary or immediate flight from the burglary, Johnson or another person caused G.W.'s death. *See* A.R.S. § 13-1105(A)(2). To prove premeditated murder, the State had to demonstrate: (1) Johnson intended or knew that his conduct would cause death; (2) Johnson caused the death of G.W.; and (3) Johnson's actions were premeditated. *See id.* at (A)(1).

¶8 For the felony murder theory, the State alleged Johnson caused G.W.'s death in the course of or in furtherance of his burglary of her car. The State presented ample evidence to support that theory. The evidence showed that, after G.W. was killed, her car was found abandoned at a nearby apartment complex with the keys inside. DNA testing established that the clump of hair found in the car was G.W.'s. DNA testing

3

also revealed her blood on the knife's blade. Testing of the knife's handle showed the presence of DNA from at least two persons, including G.W. and Johnson. DNA testing could not exclude Johnson or G.W. as a contributor to the DNA mixture found on one set of the men's underwear. Finally, as noted, a fingerprint found on the outside of the driver's side window matched Johnson's left index finger.

¶9  G.W.'s neighbors told police that a person matching Johnson's description was standing outside G.W.'s home two days before her body was discovered. Then, in the days after G.W was killed, a neighbor observed Johnson wearing a white baseball hat with a red underbill, which looked like the hat worn by the man neighbors had seen outside G.W.'s home before she was killed. Additionally, Johnson's fingerprint was found on a glass in G.W.'s kitchen. C.B. testified that G.W. kept a very tidy home, and it would have been unusual for her to leave a glass on the kitchen table after a guest had left. Moreover, C.B. testified Johnson said he had been to G.W.'s home a few days before she died to change the oil in her car, and a detective testified that bloody shoeprints found inside G.W.'s home resembled oily shoeprints found on her driveway. Investigators also found no signs of forced entry, and C.B. testified her aunt would not allow strangers into her home or leave the entry door unlocked.

¶10  The State also presented evidence that Johnson wanted G.W.'s car. C.B. testified that a few days after G.W.'s death, Johnson asked her to give him the car. A neighbor similarly reported that Johnson asked about G.W.'s car after her death. From this evidence, the jury could conclude that Johnson intended to steal G.W.'s car.

¶11  As to the premeditated murder theory, the evidence showed that G.W. was stabbed ten times and had eight other cuts on her body. A pathologist testified her wounds were likely caused by a single-edged knife blade more consistent with a kitchen knife than a military knife. Although the knife found in G.W.'s car was not specifically identified as the murder weapon, the length of the knife's blade was consistent with the type of knife used to inflict her wounds. Based on this evidence, the jury could reasonably conclude the knife found in her car containing Johnson's DNA was the murder weapon. And it could infer Johnson's intent to kill G.W. from the number of stab wounds. *See State v. Riley*, 248 Ariz. 154, 189, ¶ 137 (2020) (noting the jury could properly infer intent to murder based on the location and number of stab wounds).

**¶12** Johnson argues that the State's evidence is circumstantial and could have been explained by "a variety of possible highly innocent explanations" and that, in the absence of a confession or a witness to the crime, the evidence is insufficient to support the conviction. We view the evidence in the light most favorable to the State and resolve all reasonable inferences against Johnson. *See Young*, 223 Ariz. at 450, ¶ 12; *Karr*, 221 Ariz. at 320, ¶ 2. Moreover, circumstantial evidence alone is sufficient to support a conviction. *See State v. Parker*, 231 Ariz. 391, 407-08, ¶¶ 69-73 (2013); *see also West*, 226 Ariz. at 562, ¶ 16.

**¶13** Johnson argues the State failed to establish *when* or *how* his DNA was left on the knife handle or the underwear recovered from G.W.'s car or when his fingerprints were left on the car window and the drinking glass. He argues that the timing is important given that he had visited G.W.'s house over the course of many years, including a visit just days before the murder to work on her car. "[W]e do not reweigh evidence; that is the function of the jury." *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004). Based on the evidence recounted above, a rational trier of fact could have found the essential elements of first-degree murder under either theory beyond a reasonable doubt. *See Young*, 223 Ariz. at 450, ¶ 12.

**CONCLUSION**

**¶14** Because sufficient evidence supports Johnson's conviction, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA