NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

DESMOND KWAME MENYONGARI, *Appellant*.

No. 1 CA-CR 20-0172
FILED 3-9-2021

Appeal from the Superior Court in Maricopa County
No. CR2019-121166-001
The Honorable Frank W. Moskowitz, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Joel M. Glynn
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B A I L E Y**, Judge:

**¶1**        This is an appeal under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969).  Counsel for defendant Desmond Kwame Menyongari filed a brief advising the court that, after searching the entire record, he is unable to discover any arguable question of law and requesting that this court conduct an *Anders* review of the record. Menyongari was given the opportunity to file a supplemental brief pro se, but has not done so.  For reasons that follow, we affirm Menyongari's convictions and resulting sentences.

**FACTS AND PROCEDURAL HISTORY**

**¶2**        In May 2019, D.K.[1] lost his wallet while bicycling in Mesa. D.K. cancelled all of his credit cards, except for his Chase bank debit card.

**¶3**        The next morning, D.K. received an alert from Chase that his debit card had been used at a Safeway to make two purchases, totaling about $700.  Later that day, Mesa Police lawfully detained Menyongari. During a search incident to arrest, officers found six Visa gift cards in his pocket along with D.K.'s Arizona driver's license, game and fish card, and Chase debit card.  Officers also found two Safeway receipts for the gift card purchases.

**¶4**        The State indicted Menyongari for taking the identity of another, a Class 4 felony and theft of a credit card or obtaining a credit card by fraudulent means, a Class 5 felony.   Following Menyongari's arraignment, he moved for a competency hearing pursuant to Arizona Rule of Criminal Procedure ("Rule") 11.  After experts examined Menyongari, the trial court found him competent to stand trial.

---

[1] "Initials are used to protect the victim's privacy."  *State v. Maldonado*, 206 Ariz. 339, 341, ¶ 2 n.1 (App. 2003).

**¶5**        At the close of the State's case, Menyongari moved for acquittal pursuant to Rule 20. The court denied the motion. The jury found him guilty of both counts. The jury further found Menyongari committed the offenses while on release in another matter. The court sentenced Menyongari as a category-two repetitive offender to concurrent prison terms of 4.25 years on count one and 3 years on count two.

**¶6**        We have jurisdiction over Menyongari's timely appeal pursuant to Article 6, Section 9 of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033.

## DISCUSSION

**¶7**        The court has reviewed and considered counsel's brief. The court has searched the entire record for reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1990) (providing guidelines for briefs when counsel has determined there are no arguable issues to appeal). Searching the record and reviewing the briefs reveals no reversible error. The record shows Menyongari was represented by counsel at all stages of the proceeding and counsel was present at all critical stages. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. The sentences imposed were within the statutory limit.

## CONCLUSION

**¶8**        We affirm Menyongari's convictions and resulting sentences.

**¶9**        Upon the filing of this decision, defense counsel is directed to inform Menyongari of the status of his appeal and of his future options. Defense counsel has no further obligations, unless upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Menyongari shall have 30 days from the date of this decision to proceed, if he desires, with a pro se motion for reconsideration or petition for review.

