NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

GEORGE ANGUS PRALL, *Appellant.*

No. 1 CA-CR 23-0119
FILED 3-14-2024

Appeal from the Superior Court in Yavapai County
No. P1300CR202101355
The Honorable Debra R. Phelan, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Zickerman Law Office, PLLC, Flagstaff
By Adam Zickerman
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Brian Y. Furuya joined.

---

**B A I L E Y**, Judge:

¶1        George Angus Prall appeals his convictions and sentences for two counts of aggravated assault.  Prall's counsel filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297 (1969), advising the court that after searching the entire record, he is unable to identify any arguable question of law and requesting that we independently review the record for fundamental error.  Prall was given the opportunity to file a supplemental brief *pro per*, but did not do so.  For the reasons that follow, we affirm Prall's convictions and resulting sentences.

**FACTS AND PROCEDURAL HISTORY**

¶2        In September 2021, L.B. and B.B.[1] (collectively, "the victims") took a walk in a Prescott neighborhood and stopped at a house under construction.  As the victims walked toward the house, they noticed Prall across the street, pacing on his porch and yelling into his phone.

¶3        The victims knew that the owners allowed people to look at the construction, so they entered the house.  After hearing Prall's yelling grow louder, the victims decided to leave the house and continue their walk.  Prall then entered the property holding what looked like a shotgun.  Prall pointed the "shotgun" at the victims, told them to leave the property, and threatened to "blow [their] heads off," while screaming profanity.  B.B. put his hands up and placed himself between Prall and L.B.

¶4        Prall continued to follow and threaten the victims as they left the property, then stood in the middle of the road and watched them leave.  The victims went to a different part of the neighborhood and called 911.

¶5        A sheriff's deputy arrived at Prall's residence and knocked on his door.  Prall answered and spoke to the deputy on his front porch.  Prall

---

[1] We use initials to protect the victims' privacy.  *State v. Maldonado*, 206 Ariz. 339, 341, ¶ 2 n.1 (App. 2003).

admitted that he pointed a "shotgun" at the victims. At some point during the interview, Prall invited the deputy inside. The deputy asked where the weapon was, and Prall handed him the front half of a shotgun, which included a barrel and pump assembly, but with the butt stock and trigger assembly removed, which rendered it inoperable. Afterward, the deputy detained Prall in his patrol car and read him his *Miranda*[2] rights.

¶6        A grand jury indicted Prall on two counts of aggravated assault using a simulated deadly weapon, each a class 3 felony. After a three-day trial, the jury found Prall guilty of both counts as charged and found both victims suffered emotional harm.

¶7        The superior court sentenced Prall as a category three repetitive offender to concurrent, presumptive prison terms of eleven and a quarter years for each count with credit for 522 days of presentence incarceration.

¶8        We have jurisdiction over Prall's timely appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033(A).

## DISCUSSION

¶9        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). The evidence presented at trial was substantial and supports the verdicts, and the sentences were within the statutory limits. Prall was represented by counsel at all stages of the proceedings, was present at all critical stages, and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with Prall's constitutional and statutory rights and conformed to the Arizona Rules of Criminal Procedure.

¶10        Upon filing of this decision, Prall's counsel shall inform him of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Prall has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

---

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

## CONCLUSION

¶11        We affirm Prall's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:   AA