NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

HENRY JAMES MCLEOD, *Appellant*.

No. 1 CA-CR 23-0287
FILED 06-04-2024

Appeal from the Superior Court in Maricopa County
No.  CR2022-144187-001
The Honorable Scott Sebastian Minder, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

The Susser Law Firm PLLC, Chandler
By Adam M. Susser
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Maria Elena Cruz joined.

**B A I L E Y**, Judge:

**¶1**      Henry James McLeod appeals his convictions and sentences for two counts of aggravated assault. McLeod's counsel filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297 (1969), advising the court that after searching the entire record, he is unable to identify any arguable question of law and requesting that we independently review the record for fundamental error. McLeod was given the opportunity to file a supplemental brief *pro per* but did not do so. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

**¶2**      Early one morning in November 2022, R.L.[1] and McLeod were working in a Mesa grocery store's backroom. R.L. was the grocery store manager and McLeod worked for a beverage company. R.L. placed a bag of drinks on McLeod's pallet, not realizing the bag contained a different beverage company's product. McLeod asked R.L. if he put the bag on his pallet and told R.L. the product was not McLeod's. R.L. told McLeod he did not know who the drinks belonged to. McLeod yelled at R.L. and told R.L. he was being "disrespectful." McLeod continued to yell, so R.L. told McLeod he was the manager and asked him to leave the store.

**¶3**      McLeod began to walk away, but then turned around and stabbed R.L. repeatedly from behind. R.L. fell and McLeod got on top of him and continued to stab him. McLeod then got up and started kicking R.L. R.L. stood up and McLeod left the store. Surveillance cameras recorded the incident.

**¶4**      In December 2022, a grand jury indicted McLeod for three counts of aggravated assault. The superior court granted the State's motion to dismiss count 3 on the first day of trial.

**¶5**      At trial, McLeod testified he did not have a box cutter or knife, but R.L. had a bladed instrument and raised his hand as if to use the instrument against McLeod. McLeod said he took the instrument from R.L. and used it in self-defense. R.L. testified he had no box cutter, knife, or similar instrument during the incident. Investigators never found the instrument McLeod used to stab R.L.

---

[1] We use initials to protect the victim's privacy. *State v. Maldonado*, 206 Ariz. 339, 341, ¶ 2 n.1 (App. 2003).

¶6          R.L. was hospitalized for three days after the incident and his injuries required surgery.  At trial, about six months after the incident, R.L.'s arm was numb, he could not use his left foot, he was seeing a mental health professional and physical therapist, and he had not returned to work.

¶7          In June 2023, a jury found McLeod guilty of both counts of aggravated assault.  Count 1 was based on the infliction of serious physical injury.  *See* Ariz. Rev. Stat. ("A.R.S.") § 13-1204(A)(1).  Count 2 was based on the use of a deadly weapon or dangerous instrument.  *See* A.R.S. § 13-1204(A)(2).  The jury also found both counts were dangerous offenses and found three additional aggravating circumstances for each count.  *See* A.R.S. § 13-701(D).

¶8          The superior court found mitigating circumstances, *see* A.R.S. § 13-701(E), but also found that any of the aggravating circumstances warranted imposing an aggravated sentence.  The superior court sentenced McLeod to concurrent, aggravated prison terms of fifteen years for each count, with 226 days' credit for presentence incarceration.  *See* A.R.S. § 13-704(A).

¶9          We have jurisdiction over McLeod's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A)(1).

## DISCUSSION

¶10          We have reviewed the entire record for reversible error and find none.  *See Leon*, 104 Ariz. at 300; *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999).  The evidence presented at trial was substantial and supports the verdicts, and the sentences were within the statutory limits.  McLeod was represented by counsel at all stages of the proceedings, was present at all critical stages, and was given the opportunity to speak at sentencing.  The proceedings were conducted in compliance with McLeod's constitutional and statutory rights and conformed to the Arizona Rules of Criminal Procedure.

¶11          Upon filing of this decision, McLeod's counsel shall inform him of the status of his appeal and of his future options.  Counsel has no further obligations unless, upon review, counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).  McLeod has 30 days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

¶12      We affirm McLeod's convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:   AGFV