NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

GABRIEL DANIEL CURTISS, *Appellant*.

No. 1 CA-CR 24-0668

FILED 03-30-2026

Appeal from the Superior Court in Maricopa County
No. CR2023-120386-001
The Honorable Bruce R. Cohen, Judge, *Retired*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joshua C. Smith
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Laila Ikram
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

---

**T H U M M A**, Judge:

¶1        Defendant Gabriel Curtiss appeals his convictions and sentences for two sexual assaults, an aggravated assault and an assault. Because Curtiss has shown no error, his convictions and resulting sentences are affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        In the first part of 2023, Curtiss and M.T.[1] ended their brief romantic relationship. Then, in May 2023, Curtiss went to M.T.'s home in Scottsdale, Arizona. The trial evidence showed that an altercation took place, and that Curtiss physically and sexually assaulted M.T. Curtiss was charged with three counts of sexual assault, Class 2 felonies; one count of kidnapping, a Class 2 felony; one count of aggravated assault, a Class 4 felony and one count of assault, a Class 1 misdemeanor.

¶3        Before trial, Curtiss successfully moved in limine to preclude certain evidence at trial. As relevant here, the court precluded the State from offering evidence about Curtiss' prior prison sentences, threats regarding M.T.'s children and evidence of his mental health, including "statements like 'known to act crazy' or 'off his meds.'" The court granted mistrials in Curtiss' first three trials, once because of improper testimony about his prior time in prison, another after the jury heard testimony about threats to M.T.'s children, and the third given illness of a juror.

¶4        In preparing for the fourth trial, the court instructed the State and Curtiss' attorney to review any recordings that would be played for the jury to ensure they did not contain information precluded by the order granting the motion in limine. The record shows that the parties did so before the fourth trial began.

---

[1] Initials are used to protect the victim's privacy. *State v. Maldonado*, 206 Ariz. 339, 341 ¶ 2 n.1 (App. 2003).

¶5        On the second day of the fourth trial, the State played excerpts from jail call recordings, totaling more than an hour of recordings from various days, of conversations between Curtiss and M.T. During one nine-minute call, Curtiss said in passing, "I was wacked out of my f***ing mind on them f***ing meds." During a break after the jury heard another 15 minutes of calls, Curtiss moved for a mistrial, arguing the "I was wacked out" statement violated the court's order granting the motion in limine. The court denied the motion, stating the statement did not have any prejudicial impact that would require a mistrial. Curtiss did not move to strike the statement and declined the court's offer to provide a limiting instruction to the jury.

¶6        The jury later found Curtiss guilty of two counts of sexual assault, one count of aggravated assault and one count of assault, finding him not guilty on the other charges. Then, during the aggravated circumstances proceeding, one of the State's witnesses testified that Curtiss had been in prison. Curtiss again moved for a mistrial, which the court granted for the aggravating circumstances trial.

¶7        The court sentenced Curtiss to 15 years in prison for one sexual assault conviction; 15 years in prison for the other sexual assault conviction, to run consecutively; ten years in prison for the aggravated assault conviction (to be served concurrently with the first sexual assault conviction) and time served for the misdemeanor assault conviction. The court awarded Curtiss 583 days of presentence incarceration credit.

¶8        This court has jurisdiction over Curtiss' timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1), 13-4031 and 13-4033(A) (2026).[2]

## DISCUSSION

¶9        Curtiss argues he was entitled to a mistrial under *State v. Bailey*, 160 Ariz. 277, 279 (1989), based on allegedly improper testimony referencing his mental health. The superior court has discretion in determining whether a mistrial is appropriate, *see State v. Gallardo*, 225 Ariz. 560, 564 ¶ 6 (2010), and this court will not reverse the denial of a motion for mistrial absent an abuse of discretion, *see State v. Jones*, 197 Ariz. 290, 304 ¶ 32 (2000). "[D]eclaration of a mistrial is the most dramatic remedy for trial error and should be granted only when it appears that justice will be

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

thwarted unless the jury is discharged and a new trial granted." *State v. Dann*, 220 Ariz. 351, 363 ¶ 50 (2009) (citation omitted).

**¶10**        "To determine whether a mistrial is warranted, courts consider '(1) whether the jury has heard what it should not hear, and (2) the probability that what it heard influenced [it].'" *State v. Miller*, 234 Ariz. 31, 40 ¶ 25 (2013) (citation omitted); *accord Bailey*, 160 Ariz. at 279.

**¶11**        Curtiss and the State dispute whether the statement falls within the prohibited mental health testimony. The superior court noted the statement "could be interpreted a number of different ways." The court ultimately concluded, however, the statement related to mental health and medication, and was precluded by the order on the motion in limine.

**¶12**        Curtiss argues that the court improperly concluded that the statement did not prejudice his case. The State counters that the statement was not prejudicial such that a mistrial was required as it was brief (a few seconds) in the context of the lengthy jail call recordings played for the jury and it came after the State presented evidence of Curtiss' physical acts. In addition, in addressing prejudice, the superior court reasoned that because the statement had several possible interpretations, in context, it did not mandate mistrial. In denying a mistrial, the court also noted that Curtiss had not identified the statement as one that needed to be removed from the recording.

**¶13**        The superior court concluded it was "very comfortable saying there [was] no prejudicial impact" by the admission of the statement. Curtiss has shown no error in the court reaching this conclusion. The challenged statement was not an opinion from a third party about Curtiss' mental health, nor did it reference prior criminal conduct. Instead, it was a non-hearsay statement by the defendant about his state of mind at the time of the incident. The statement did not suggest Curtiss had a mental condition that required medication that he was not taking. Rather, it suggested that some type of medication he took affected his state of mind. Thus, the recording arguably did not implicate the concerns raised in the motion in limine, a conclusion consistent with the fact that Curtiss' counsel did not identify the statement as one that needed to be redacted.

**¶14**        Finally, the challenged statements were about four seconds long and came in the middle of more than an hour of other recordings. The court found that the prosecutor did not intentionally play the recording to bring in evidence of Curtiss' mental health. The challenged statement was not mentioned in closing argument. And it did not negate, or even address,

consent by M.T., which was Curtiss' primary defense at trial. Given that context, Curtiss has not shown that the superior court abused its discretion by denying his motion for mistrial.

## CONCLUSION

¶15        Curtiss' convictions and resulting sentences are affirmed.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:            JR